■ Herman Preuschoff, Respondent, v. Piroska Wank, Appellant.—
In an action to recover damages for personal injuries, defendant appeals from a judgment of the City Court of New Rochelle, entered December 2, 1960, after trial, upon the jury's verdict for $3,000 in favor of plaintiff. Judgment reversed on the law and the facts, with costs, and complaint dismissed. Plaintiff, a tenant in a six-family dwelling owned and maintained by defendant, was injured when he slipped on the exterior stairway of the building on Tuesday, February 24, 1959, at about 7:30 A.M. The superintendent resided in the adjoining similar building which was also owned by defendant. Apparently central heating was being installed at about that date. A canopy was over the entire stairway or a part of it. At the time of the accident, it is undisputed that the steps were covered with a very slippery sheet of ice and that the streets and the limbs of the trees were covered with ice. It is also undisputed that, when the plaintiff arrived home at about 7:00 P.M. on the day prior to the accident, a day which

he observed as a holiday, it was raining and drizzling. In our opinion, defendant, the owner of the building, may not be held liable for plaintiff's injuries under the circumstances disclosed by this record (cf. *Schwabl* v. *St. Augustine's Church*, 288 N. Y. 554; *Falina* v. *Hollis Diner*, 281 App. Div. 711, affd. 306 N. Y. 586). Defendant was entitled to a reasonable length of time to remedy the slippery condition (see e.g., *Falina* v. *Hollis Diner, supra*); and, under the circumstances here, a reasonable length of time had not elapsed. Ughetta, Acting, P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.