■ Lisa Goldman, Appellant, v State of New York, Respondent.—Kane, J.

During the afternoon of December 22, 1983, claimant sustained injuries when she slipped and fell on ice that had formed on a concrete exterior stairway at the campus of the State University of New York at Albany (hereinafter SUNYA), where she was a full-time student. Claimant thereafter filed a claim in the Court of Claims alleging negligence on the part of the State in failing to remove the ice from the stairway, failing to provide an alternate route and failing to give adequate notice of such a route, and generally failing to make the stairway safe for normal use under the circumstances. Following a trial on the issue of liability, the Court of Claims concluded that claimant failed to establish negligence on the part of the State and dismissed her claim. Claimant now appeals.

We affirm. The critical issue to be resolved is whether, under the prevailing conditions, the State fulfilled its duty to take appropriate measures to keep the stairway safe or to block off the use thereof. It is a well-settled tort principle that "appropriate measures" are those which, under the circumstances, are reasonable *(see, Basso v Miller,* 40 NY2d 233). Ascertaining a standard of reasonableness must be undertaken "with an awareness of the realities of the problems caused by winter weather" *(Marcellus v Littauer Hosp. Assn.,* 145 AD2d 680, 681). In our view, to establish breach of that standard here, plaintiff bore the burden of showing that the State failed to exercise due care to correct a dangerous condition *within a reasonable time* after the cessation of the weather conditions which created the situation *(see, supra).*

The evidence at trial concerning the weather at the applicable time demonstrated that on the evening before the accident a light snow had fallen which turned to heavier snow by the next morning. It continued to snow until around noon on that day, depositing four inches of snow in total, before changing to intermittent sleet and freezing rain. Dennis Stevens, SUNYA Assistant Vice-President for Facilities and Operations, testified that snow-removal operations at the university began at

7:00 A.M. on the day of the accident and that over 45 employees were assigned to snow-removal activities, with two employees assigned specifically to the area of claimant's injury. The record indicates that the icy steps were the result of weather conditions which occurred close in time to the accident itself and claimant has failed to show that the dangerous condition was anything but a direct result of those recent conditions *(see, Bernstein v City of New York,* 69 NY2d 1020, 1022). The record also shows that the State utilized a proven snow-removal plan, the incident herein constituting the only recorded accident that winter, and that the plan was implemented immediately following the inclement weather *(see, Valentine v City of New York,* 86 AD2d 381, 386, *affd* 57 NY2d 932). Claimant introduced nothing to show that the plan itself was defective or that warning signs at the staircase were necessary. Accordingly, the Court of Claims properly concluded that claimant "made no showing that the accumulation of snow and ice could or should have been prevented or that the [State's] snow-removal plan * * * was inadequate, unreasonable or not followed on the day of claimant's accident".

Judgment affirmed, without costs. Kane, Casey and Levine, JJ., concur.

Mahoney, P. J., and Harvey, J., dissent and vote to reverse in a memorandum by Harvey, J. Harvey, J. (dissenting). We respectfully dissent. In our view, the evidence weighs heavily in favor of claimant. The existence of an extremely hazardous condition is beyond all doubt. There was no factual evidence of any nature indicating that the steps had been inspected or the ice condition removed. The person in charge of buildings and grounds maintenance had the duty to observe weather conditions and to take appropriate measures to keep the stairs safe or to block off the use thereof. It is obvious that neither was done. Consequently, the judgment of the Court of Claims dismissing the claim should be reversed, the claim should be reinstated and judgment directed in claimant's favor on the issue of liability.