■ GLORIA ARCURI et al., Respondents, v ROBERT VITOLO et al., Defendants and Third-Party Plaintiffs-Respondents. JOHN P. SCHWINNING et al., Third-Party Defendants-Appellants, et al., Third-Party Defendants. [601 NYS2d 173] —In a negligence action to recover damages for personal injuries, etc., the defendants and the third-party defendants separately appeal from stated portions of an order of the Supreme Court, Richmond County (Amann, J.), dated June 20, 1991, which, *inter alia,* denied the motion of the defendant Robert Vitolo for summary judgment dismissing the complaint insofar as it is asserted against him and the separate motion of the third-party defendants Michael Marino and Cheryl Marino, for summary judgment dismissing the complaint and all cross claims in their entireties.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, the motions are granted, and the complaint and all cross claims are dismissed in their entireties.

The plaintiff Gloria Arcuri was injured on November 11, 1987, at approximately 7:40 A.M., when she slipped and fell on snow and ice in front of an office in Staten Island where she was employed. The plaintiffs commenced the instant action against several defendants, including the defendant Robert Vitolo, who owned the property in question.

At her examination before trial, the injured plaintiff admit-

ted that it was not snowing the day before the accident, and that the snow and ice which she observed on November 11, 1987, upon awakening at 6:30 A.M., must have fallen during the night and early morning of November 10, to November 11, 1987, while she was sleeping. Moreover, a weather report for Newark Airport, not far west of the accident site, which was submitted in support of the defendant Vitolo's motion, indicated that freezing precipitation was falling during the morning of November 11, 1987.

It is well settled that in a snow and ice situation, a property owner may not be held liable unless he or she has notice of the defect, or, in the exercise of due care, should have had notice, and the owner has had a reasonably sufficient time from the end of the storm to remedy the condition caused by the elements (see, Mennes v Syfeld Mgt., 75 AD2d 936, 937; Newsome v Cservak, 130 AD2d 637; Moorhead v Hummel, 36 AD2d 682; Preuschoff v Wank, 16 AD2d 690). Under the circumstances presented herein, the plaintiffs failed to establish, as a matter of law, that the defendant Vitolo had notice of the icy condition or a reasonable opportunity to remedy it. Accordingly, the motion of the defendant Vitolo for summary judgment should have been granted (see, Newsome v Cservak, supra; Preuschoff v Wank, supra), and the complaint and all cross claims should have been dismissed in their entireties.

We have reviewed the plaintiffs' remaining arguments and find them to be without merit. Mangano, P. J., Rosenblatt, O'Brien and Copertino, JJ., concur.