■ JENIFER PAPPO, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 87595.) [650 NYS2d 577] —In a claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (Silverman, J.), dated October 3, 1995, which, after a trial on the issue of liability, and upon the granting of the defendant's motion to dismiss the claim, is in favor of the defendant. The notice of appeal from the decision dated September 7, 1995, is deemed a premature notice of appeal from the judgment (*see,* CPLR 5520 [c]).

Ordered that the judgment is affirmed, without costs or disbursements.

In this slip and fall case where the claimant alleges that she was injured due to the defendant's failure to adequately remove snow and ice from a well-traveled pathway on one of its campuses, we find that the Court of Claims applied the proper standard in dismissing the claim.

"The critical issue to be resolved is whether, under the prevailing conditions, the State fulfilled its duty to take appropriate measures to keep the [pathway] safe * * * [i]t is a well-settled tort principle that 'appropriate measures' are those which under the circumstances are reasonable * * * Ascertain-

ing a standard of reasonableness must be undertaken 'with an awareness of the realities * * * caused by * * * weather'" (*Goldman v State of New York,* 158 AD2d 845).

The Supreme Court properly determined that the claimant failed to sustain her burden of showing that the State failed to exercise due care to correct a dangerous condition within a reasonable time after the cessation of the weather conditions which created the situation (*see, Goldman v State of New York, supra; see also, Candelier v City of New York,* 129 AD2d 145). Joy, J. P., Friedmann, Krausman and Florio, JJ., concur.