■ MELISSA BAUM, Respondent, v KNOLL FARM, Appellant. [686 NYS2d 83] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated January 28, 1998, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

On December 9, 1995, at approximately 8:15 A.M. the plaintiff allegedly slipped and fell on an icy and snow-covered walkway on the defendant's premises. The plaintiff testified that it had been snowing that morning since the time that she left her house until the time of the accident which occurred shortly after she arrived at the premises. It is well settled that a property owner may not be held liable for snowy or icy conditions unless it has actual notice thereof or it has had a reasonably sufficient time from the cessation of the precipitation to remedy the conditions caused thereby (*see, Simmons v Metropolitan Life Ins. Co.*, 84 NY2d 972; *Grillo v New York City Tr. Auth.*, 214 AD2d 648). Since the accident occurred while the precipitation was still in progress the defendant cannot be held liable for the alleged hazardous condition caused by the snow (*see, Kay v Flying Goose*, 203 AD2d 332).

Furthermore, the plaintiff's claim that she slipped on ice under the freshly fallen snow is insufficient to establish a prima facie case of negligence in the absence of any proof of the origin of the icy condition or proof that the defendant had notice or sufficient time to remedy the condition (*see, Bernstein v City of New York*, 69 NY2d 1020; *Fuks v New York City Tr. Auth.*, 243 AD2d 678; *Grillo v New York City Tr. Auth., supra*). Under these circumstances, the plaintiff's complaint should have been dismissed. O'Brien, J. P., Ritter, Joy and Altman, JJ., concur.