■ IRA J. LIPPEL et al., Appellants, v CITY OF NEW YORK, Respondent. [722 NYS2d 511] —Judgment, Supreme Court, New York County (Kibbie Payne, J.), entered February 15, 2000, upon a jury verdict in favor of defendant City of New York, unanimously reversed, on the law, without costs or disbursements, and the matter remanded for a new trial.

In this personal injury action against the City of New York arising out of an August 31, 1993 trip and fall in a crosswalk at 34th Street and Fifth Avenue, allegedly due to a depression in the roadbed, caused, according to plaintiff, by the City's negligent repair of a pothole, the jury, finding that the City had indeed repaired the pothole but that it had not done so negligently, returned a verdict in the City's favor.

At the trial, plaintiff described the depression as a repaired pothole. One of the photographs taken about two months after the accident showed the depth of the depression to be a few inches. Two City repair orders showed that City employees had done repair work at the intersection on August 3, 1992 and January 20, 1993.

Plaintiff called as a witness in his behalf Rogelio Lewis, a highway repairer employed for 14 years by the City's Department of Transportation, Bureau of Highways. Familiar with and trained in the methods of pothole repair, Mr. Lewis, and his two or three-man crew, might repair as many as 35 potholes on an average day in 1993. He had been involved in repairing the pothole in question on January 20, 1993. As a result of the City's objections, Mr. Lewis was not permitted to testify as to his familiarity "with what happens if a pothole is not repaired the way it is supposed to be"; whether he had ever "see[n] a repaired pothole that had [sunk] beneath grade level" or as to the effect of failing properly to compact the asphalt used to fill a pothole and other subjects of a similar nature. The court's reason for excluding such proffered evidence was that Mr. Lewis, who had previously been produced by the City as a witness at an examination before trial, was presented as a fact witness, not as an expert. The court further observed that if plaintiff were to use Mr. Lewis as an expert, he would have had to comply with CPLR 3101 (d). The trial court was in error in both respects. Plaintiff's examination of Mr. Lewis, whose testimony was essential to his case, should have been allowed. Accordingly, we reverse and remand for a new trial.

Plaintiff was entitled to have Mr. Lewis testify as an expert on pothole repairs "even though his testimony on such matters might further the plaintiff's case." (*McDermott v Manhattan Eye, Ear & Throat Hosp.*, 15 NY2d 20, 28.) The *McDermott* rule is not limited to medical malpractice cases. (*See, Lingener v State Farm Mut. Auto. Ins. Co.*, 195 AD2d 838.) The City, as plaintiff's counsel noted, offered Mr. Lewis as "somebody having knowledge of the procedures that are followed with respect to potholes and their repair" and, as counsel further noted in argument, plaintiff "need not present [the City] with an expert's response to [its] own witness." There is no authority for the City's position that plaintiff may not "borrow" its witness as an expert without prior notification to enable it fully to prepare its defense. Mr. Lewis was the City's in-house expert and his examination before trial effectively provided the City with the type of pre-trial disclosure that CPLR 3101 (d) (1) (i) was intended to afford with respect to the other party's expert. In any event, the scope of disclosure for employees of a party, whether noticed as experts or not, is defined by CPLR 3101 (a), rather than CPLR 3101 (d), which governs the extent of disclosure in instances where non-employee expert witnesses are involved. Since, by virtue of the court's erroneous rulings, plaintiff was deprived of access to critical evidence, he is entitled to a new trial. Concur—Sullivan, P. J., Rosenberger, Mazzarelli, Buckley and Friedman, JJ.