■ VANESSA BRUNSON et al., Respondents, v NATIONAL AMUSEMENTS, INC., et al., Appellants. [739 NYS2d 407] —In an action to recover damages for personal injuries, etc., the defendants appeal from (1) a decision of the Supreme Court, Kings County (Demarest, J.), entered September 26, 2000, and (2) an interlocutory judgment of the same court, entered November 30, 2000, which, upon a jury verdict, is in favor of the plaintiffs and against them on the issue of liability.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the interlocutory judgment is reversed, on the law, and the complaint is dismissed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The plaintiff Vanessa Brunson (hereinafter the plaintiff) was injured when she slipped and fell on black ice as she was walking on a private sidewalk leading to the front entrance of a movie theater owned and operated by the defendants. The jury returned a verdict in favor of the plaintiffs.

It is well settled that a party in control of real property may be held liable for a hazardous condition created on its premises by precipitation only if the property owner or possessor had actual or constructive notice of the condition (*see, Putnam v Stout,* 38 NY2d 607, 612) and had a reasonably sufficient time from the cessation of the precipitation to remedy the condition caused by it (*see, Arcuri v Vitolo,* 196 AD2d 519, 520).

Here, the plaintiff failed to sustain her burden of demonstrating that the defendants had a reasonably sufficient time from the cessation of the storm, which occurred on the day of her accident, to clear the sidewalk of snow and ice. In this regard, we note that while the plaintiff's expert witness described the weather conditions as they progressed throughout the day, he never expressly stated when the storm ended.

Therefore, there is no rational basis to support a finding that the defendants had reasonable opportunity to remedy the alleged hazardous condition following the cessation of the precipitation, or that they had constructive notice of the condition (*see, Cohen v Hallmark Cards,* 45 NY2d 493). The judgment is therefore reversed and the complaint dismissed. Krausman, J.P., Friedmann, Adams and Crane, JJ., concur.