■ JOAN BERGEN et al., Respondents, v WILLIAM J. CARLIN, JR., Putnam County Commissioner of Finance, as Temporary Administrator of the Estate of GERTRUDE FLECKEL, Appellant.
[747 NYS2d 535]

The plaintiff Joan Bergen (hereinafter the plaintiff) alleged that she slipped on Gertrude Fleckel's snow-and-ice-covered, unpaved driveway, injuring herself. Fleckel moved for summary judgment dismissing the complaint, inter alia, on the ground that the driveway was reasonably safe under the circumstances.

A property owner has an obligation to maintain his or her property in a reasonably safe condition (*see Di Ponzio v Riordan,* 89 NY2d 578, 582; *Basso v Miller,* 40 NY2d 233). The measure of liability is foreseeability, which depends on the likelihood of the injured party's presence in light of the frequency of the use of the area where the accident occurred (*see DeMarrais v Swift,* 283 AD2d 540; *see also Basso v Miller, supra*). Given the evidence in the record concerning the frequency of the use of the driveway by visitors and Fleckel's relationship with the plaintiff, Fleckel failed to establish that Bergen's presence on the property on the date of the accident was unforeseeable as a matter of law.

It is well settled that a property owner may be held liable for a hazardous condition on the premises created by snow or ice only if the owner had actual or constructive notice of the condition and had a reasonably sufficient time after the conclusion of the snowfall or temperature fluctuation to remedy the situation (*see Brunson v National Amusements,* 292 AD2d 413; *Gam v Pomona Professional Condominium,* 291 AD2d 372; *see also Simmons v Metropolitan Life Ins. Co.,* 84 NY2d 972).

Fleckel failed to demonstrate that she lacked notice of the alleged icy condition of her driveway, and she did not claim that there was precipitation in progress at the time of the accident. Although Fleckel contended that climatological records showed that the icy condition was the result of overnight freezing temperatures, and, therefore, she did not have sufficient time to remedy the condition, we agree with the Supreme Court that this issue cannot be resolved as a matter of law on the motion papers.

The contention that the snow-and-ice-covered condition of the driveway was inherent to the nature of the land, and therefore relieved Fleckel of any duty to take remedial measures, is without merit (*cf. Moriello v Stormville Airport Antique Show & Flea Mkt.,* 271 AD2d 664).

Accordingly, the Supreme Court properly denied Fleckel's motion for summary judgment. Santucci, J.P., Schmidt, Townes and Cozier, JJ., concur.