■ Soon Rae Kim, Appellant, v Caesar Chemists, Inc., et al., Respondents. [748 NYS2d 34]

Between 9:30 and 10:00 A.M. on January 18, 1994, the plaintiff allegedly fell while walking on the sidewalk in front of commercial real estate, specifically a strip mall, located at 144-02 through 144-18 Northern Boulevard in Flushing, Queens. The defendant Jameco Operating Corp. owned the property and leased space to the defendant Caesar Chemists, Inc. (hereinafter Caesar).

The plaintiff, who was wearing sneakers, chose to walk on the clear sidewalk in front of Caesar, instead of the snow-covered ground. While walking on Caesar's sidewalk, the plaintiff observed a ramp covered with one-half inch of snow, leaned against the wall of Caesar's building, and walked carefully on the ramp. Subsequently, she fell on the snow-covered ice. Although it was not precipitating when the plaintiff fell, there was ongoing precipitation that day which did not end until later that afternoon.

A property owner may not be held liable for a snow or ice condition unless it had actual or constructive notice of the condition, and had a reasonably sufficient time after the cessation of the precipitation or temperature fluctuation to remedy

the situation caused by the elements (*see Simmons v Metropolitan Life Ins. Co.*, 84 NY2d 972, 973; *Putnam v Stout*, 38 NY2d 607, 612; *Bergen v Carlin*, 297 AD2d 692; *Pepito v City of New York*, 262 AD2d 619, 620; *Baum v Knoll Farm*, 259 AD2d 456; *Reynolds v Sead Dev. Group*, 257 AD2d 940; *Arcuri v Vitolo*, 196 AD2d 519, 520). A property owner is not required to take any corrective action while precipitation is in progress (*see Simmons v Metropolitan Life Ins. Co., supra; Putnam v Stout, supra; Bergen v Carlin, supra; Pepito v City of New York, supra; Baum v Knoll Farm, supra; Reynolds v Sead Dev. Group*, 257 AD2d 940; *Arcuri v Vitolo, supra*).

Since precipitation was ongoing during the day the plaintiff fell, Caesar was not obligated to remedy the allegedly defective condition on the ramp at that time. Moreover, the plaintiff failed to establish that either defendant had notice of the allegedly defective condition. Therefore, the defendants' respective applications to dismiss the complaint were properly granted.

We have not considered the plaintiff's arguments regarding the trial court's alleged improper questioning of witnesses, since this issue was raised for the first time in the reply brief submitted to this Court (*see Parratta v McAllister*, 283 AD2d 625). Feuerstein, J.P., Smith, Friedmann and Adams, JJ., concur.