■ TERENCE J. McGOWAN et al., Appellants, v STATE OF NEW YORK, Respondent. [839 NYS2d 145]—

In a claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (Lack, J.), dated August 3, 2006, which, after a nonjury trial on the issue of liability, and upon a decision of the same court dated June 30, 2006, dismissed the claim.

Ordered that the judgment is reversed, on the law, with costs, the claim is reinstated, and the matter is remitted to the Court of Claims for further proceedings consistent herewith.

Terence J. McGowan (hereinafter the claimant) allegedly was injured on March 7, 2003 in a fall on snow-and-ice covered steps outside the entrance door to Building 26 on the grounds of Pilgrim Psychiatric Center. The entrance at which the fall occurred was to the office of the Dormitory Authority of the State of New York (hereinafter DASNY) which employed the claimant. The claimant had entered another entrance to Building 26 at about 9:00 A.M. that morning and, shortly thereafter, decided to retrieve something from his car. Upon exiting Building 26 from the DASNY entrance to go to his car, he slipped and fell.

Within an hour or two of the occurrence, the claimant took photographs of the steps outside the DASNY entrance which

showed that such steps were not cleared of snow and ice. It is undisputed that the main entrance exterior steps of Building 26 were cleared by maintenance which was also housed in that building.

A trial on the issue of liability was conducted in the Court of Claims, which concluded that the defendant was acting within its governmental function and that it had successfully raised governmental immunity as a defense. On appeal, the claimants contend, and the defendant concedes, that the Court of Claims erred "in finding . . . qualified immunity [for] a governmental function," and agreed that in this case the defendant's snow removal operations constituted a maintenance activity, traditionally regarded as a proprietary function, rather than a governmental function (*see Zuckerman v State of New York*, 209 AD2d 510 [1994]; *Pappo v State of New York*, 233 AD2d 379 [1996]). We agree.

As we stated in *Pappo v State of New York* (*supra* at 379-380),

> "[t]he critical issue to be resolved is whether, under the prevailing conditions, the State fulfilled its duty to take appropriate measures to keep the [stair]way safe [or to block off the use thereof.] [I]t is a well-settled tort principle that 'appropriate measures' are those which under the circumstances are reasonable [*see Basso v Miller*, 40 NY2d 233 (1976)]. Ascertaining a standard of reasonableness must be undertaken 'with an awareness of the realities [of the problems] caused by [winter] weather' [*Marcellus v Littauer Hosp. Assn.*, 145 AD2d 680, 681 (1988)].
>
> "[In our view, to establish breach of that standard here, plaintiff bore the] burden of showing that the State failed to exercise due care to correct a dangerous condition within a reasonable time after the cessation of the weather conditions."

Here, because the Court of Claims incorrectly determined that the defendant was immune, it dismissed the claim on the basis of the immunity defense. Although the court reviewed the proof adduced in relation to such issue, it did not make findings on the merits on the question of liability, that is, whether the claimants demonstrated by a preponderance of the evidence that the claimant's fall and injury was caused by the presence of snow and ice on the DASNY entrance steps which created a dangerous condition which the defendant "knew or in the exercise of reasonable care should have known existed . . . [and that the defendant had] . . . a reasonable time after the cessation of the storm . . . which created the dangerous condition to exercise due care to correct the situation" (*Marcellus v Littauer*

*Hosp. Assn.*, 145 AD2d 680, 681 [1988], *supra; see Brunson v National Amusements*, 292 AD2d 413 [2002]; *Whitt v St. John's Episcopal Hosp.*, 258 AD2d 648 [1999]).

For the foregoing reasons, the Court of Claims erred in awarding judgment in favor of the defendant and dismissing the claim on the theory that the defendant was immune, and the matter must be remitted to it "for a decision on those issues left undecided as a result of [its] determination, and, if necessary, for an apportionment of liability and a trial of damages" (*Zuckerman v State of New York, supra* at 512). Schmidt, J.P., Goldstein, Angiolillo and McCarthy, JJ., concur.