■ LINDA MYERS, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [854 NYS2d 697]—

Judgment, Supreme Court, New York County (Marylin G. Diamond, J.), entered November 21, 2006, upon a jury verdict in defendants' favor, unanimously affirmed, without costs.

Plaintiff was injured when she fell while walking on a subway platform that was being retiled. During plaintiff's direct case, she called, among others, a mechanical engineer employed by defendant Transit Authority, and although plaintiff should have been permitted to use leading questions in examining the employee of an adverse party (*see Jordan v Parrinello*, 144 AD2d 540, 541 [1988]), and ask him questions as an expert with respect to the renovation project he was supervising (*see Lippel v City of New York*, 281 AD2d 327, 328 [2001]), the record does not establish that the trial court's erroneous rulings on these issues deprived plaintiff of access to favorable evidence or otherwise prejudiced her. Nor was plaintiff prejudiced by a pretrial ruling limiting her use of the employee's deposition testimony for impeachment purposes (*see Gogatz v New York City Tr. Auth.*, 288 AD2d 115 [2001]), and the trial record does not demonstrate that plaintiff was precluded from offering any particular portion of the employee's deposition testimony for any purpose as evidence in her case-in-chief (CPLR 3117 [a] [2]). The record further fails to support plaintiff's contention that the court ruled that she could not use enlarged photographs of the alleged defective condition during the trial, but rather shows that plaintiff abandoned the request. Concur—Lippman, P.J., Tom, Williams and Acosta, JJ.