JEANETTE QUINTANILLA et al., Appellants, v STATE OF NEW YORK, Respondent. [941 NYS2d 715]—

In a claim to recover damages for personal injuries, etc., the claimants appeal from a judgment of the Court of Claims (Lopez-Summa, J.), dated November 15, 2010, which, upon a decision of the same court dated October 18, 2010, made after a nonjury trial on the issue of liability, is in favor of the defendant and against them dismissing the claim.

Ordered that the judgment is affirmed, with costs.

The claimant Jeanette Quintanilla (hereinafter the claimant) slipped and fell on a large piece of ice in a parking lot owned by

the State of New York, allegedly sustaining injuries. There had been a winter storm three days earlier, during which the State had the parking lot plowed and sanded. The lot was resanded the following day. After a nonjury trial on the issue of liability, the Court of Claims determined that the State did not create, or have actual or constructive notice of, the specific icy condition which resulted in the claimant's fall, and that the State acted reasonably under the circumstances. Judgment was entered in favor of the State and against the claimants, dismissing the claim. The claimants appeal from the judgment. We affirm.

In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds "warranted by the facts," bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses and hearing the testimony (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *see DePaula v State of New York*, 82 AD3d 827 [2011]).

"The owner or possessor of property has a duty to maintain the property in a reasonably safe condition and may be held liable for injuries arising from a dangerous condition on the property if such owner or possessor either created the condition, or had actual or constructive notice of it and a reasonable time within which to remedy it" (*Patrick v Bally's Total Fitness*, 292 AD2d 433, 434 [2002]). " 'The critical issue to be resolved is whether, under the prevailing conditions, the State fulfilled its duty to take appropriate measures to keep the [lot] safe' " (*Pappo v State of New York*, 233 AD2d 379, 379-380 [1996], quoting *Goldman v State of New York*, 158 AD2d 845, 845 [1990]). Appropriate measures "are those which under the circumstances are reasonable" and the standard must be applied with an awareness of the realities caused by weather (*McGowan v State of New York*, 41 AD3d 670, 671 [2007] [internal quotation marks omitted]; *see Pappo v State of New York*, 233 AD2d 379 [1996]).

The Court of Claims' determination after a nonjury trial that the claimants failed to establish that the State created, or had actual or constructive notice of, the specific icy condition which resulted in the claimant's fall, and that it acted reasonably under the circumstances, was warranted by the facts and will not be disturbed. It cannot be said that the State created or exacerbated a dangerous condition by merely plowing the snow days before the claimant's accident (*see Lichtman v Village of Kiryas Joel*, 90 AD3d 1001 [2011]; *Quintanilla v John Mauro's Lawn Serv., Inc.*, 79 AD3d 838 [2010]). The Court of Claims

properly rejected as speculative the opinion of the claimants' expert meteorologist that the piece of ice upon which the claimant fell existed for at least 14 hours prior to the accident (*see Simon v PABR Assoc., LLC*, 61 AD3d 663 [2009]). The remaining testimony failed to establish that the specific icy condition which caused the claimant's fall existed for a sufficient length of time prior to the accident to permit the State to discover and remedy it (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). Mastro, A.P.J., Hall, Lott and Sgroi, JJ., concur.