■ CHRISTINE GUASTELLA et al., Appellants, v STATE OF NEW YORK, Respondent. [24 NYS3d 139]—

In a claim to recover damages for personal injuries, etc., the claimants appeal from a judgment of the Court of Claims (Lopez-Summa, J.), dated January 8, 2015, which, upon a decision of the same court dated December 2, 2014, made after a nonjury trial on the issue of liability, dismissed their claims.

Ordered that the judgment is affirmed, with costs.

The claimant Christine Guastella contends that she was injured when she slipped and fell on an uneven piece of rock that was slightly larger than a quarter on an exterior staircase at Stony Brook University Medical Center on September 14, 2011. Guastella, and her husband suing derivatively, brought claims against the State of New York, which owned the property where the accident occurred. The claims proceeded to trial, and after the conclusion of the liability phase of the trial, the Court of Claims dismissed the claims.

In concluding that the claimants failed to prove, by a preponderance of the credible evidence, the existence of a dangerous condition on the staircase at the time of the accident, the Court of Claims examined the totality of the circumstances surrounding the incident alleged by Guastella, including evidence as to the small size of the object that allegedly caused her fall, together with the fact that the incident occurred outside when it was daylight, the testimony of Guastella and her sister that they had traversed the area less than two hours prior to the accident, and the fact that the condition of the step at issue was readily apparent and did not constitute a trap (*see Hutchinson v Sheridan Hill House Corp.*, 26 NY3d 66 [2015]; *Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997]). The determination of the court was supported by a fair interpretation of the evidence and should not be disturbed on appeal (*see Rose v State of New York*, 19 AD3d 680, 680 [2005]; *Ebenezer Mar Thoma Church v Alexander*, 279 AD2d 548, 549 [2001]). Balkin, J.P., Dickerson, Duffy and LaSalle, JJ., concur.