Naef v State of New York

2026 NY Slip Op 02991

May 13, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Rose Naef, appellant,

v

State of New York, respondent. (Claim No. 128868)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 13, 2026

2022-02745

Angela G. Iannacci, J.P.

Valerie Brathwaite Nelson

Deborah A. Dowling

Donna-Marie E. Golia, JJ.

Danzi Law Partners LLP, Jericho, NY (Christine C. Coscia of counsel), for appellant.

Letitia James, Attorney General, New York, NY (Ester Murdukhayeva, Blair J. Greenwald, and Samantha Neal of counsel), for respondent.

[*1]

DECISION & ORDER

In a claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (Maureen T. Liccione, J.), entered March 1, 2022. The judgment, upon a decision of the same court dated January 21, 2022, made after a nonjury trial, is in favor of the defendant and against the claimant dismissing the claim.

ORDERED that the judgment is affirmed, with costs.

The claimant alleged she was injured in May 2015 when she tripped and fell as a result of a height differential between a sidewalk and her driveway. Thereafter, the claimant commenced this claim against the State of New York, alleging, inter alia, that the State negligently created the defect when it oversaw a construction project that involved replacing a portion of the driveway and the sidewalk in front of her home. Maintenance jurisdiction over the subject area had been transferred to the Town of Smithtown in May 2014. After a nonjury trial, the Court of Claims issued a decision dated January 21, 2022, finding, among other things, that the State did not create the allegedly defective condition. In a judgment entered March 1, 2022, the court dismissed the claim. The claimant appeals.

"In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account in a close case that the trial court had the advantage of seeing and hearing the witnesses" (JPMorgan Chase Bank, N.A. v Esparza, 213 AD3d 655, 656 [internal quotation marks omitted]; see Strong v State of New York, 237 AD3d 771, 772; Quintanilla v State of New York, 94 AD3d 846, 847). "Generally, the issue of whether a dangerous or defective condition exists depends on the particular facts of each case" (Mammina v State of New York, 230 AD3d 478, 479 [internal quotation marks omitted]; see Balbo v Greenfield's Mkt. of Bethpage, LLC, 216 AD3d 1130, 1130-1131).

The evidence at trial established that the claimant and her daughter had walked over the subject area numerous times between the time when the State had completed construction of the project in 2011 and the date of the accident in 2015 and had never seen the allegedly defective condition. Moreover, the engineer who oversaw the project testified that there was no height [*2]differential in 2011 or in 2013 before the defendant transferred maintenance jurisdiction over the area to the Town. Further, the testimony of the claimant's expert failed to establish that the height differential was created by the State (see Quintanilla v State of New York, 94 AD3d at 848). Thus, the Court of Claims' finding that the claimant failed to establish that the State created the dangerous condition was warranted by the facts (see Sklavonitis v State of New York, 236 AD3d 957, 958-959; Guastella v State of New York, 135 AD3d 819, 819).

While the Court of Claims should have allowed the claimant to question the State's expert on the substance of a 2021 report that he prepared and which was furnished to both parties as part of the claimant's direct case (see Gilly v City of New York, 69 NY2d 509, 512; Hughes v Webb, 40 AD3d 1035, 1037), the error was harmless, as the claimant did not show that she was prejudiced (see CPLR 2002; Fraser v 147 Rockaway Pkw, LLC, 203 AD3d 894, 895; Myers v New York City Tr. Auth., 50 AD3d 263, 263).

The claimant's remaining contentions are either without merit or not properly before this Court.

IANNACCI, J.P., BRATHWAITE NELSON, DOWLING and GOLIA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court