774

Vladimir KESELMAN, Plaintiff–
Appellant,

v.

The CITY OF NEW YORK, Anibal Mar-
tinez, Bernard Kerik, New York City
Police Commissioner, Defendants–Ap-
pellees.

No. 05–2600–cv.

United States Court of Appeals,
Second Circuit.

May 3, 2006.

Vladimir Keselman, Brooklyn, New York, for Plaintiff–Appellant, pro se.

Janet L. Zaleon, Assistant Corporation Counsel (Michael A. Cardozo, Corporation Counsel of the City of New York, Kristin M. Helmers, Sheryl A. Bruzzese, on the brief), New York, New York, for Defendants–Appellees, of counsel.

PRESENT: Hon. WALKER, Jr., Chief Judge, Hon. AMALYA L. KEARSE, and Hon. RALPH K. WINTER, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Vladimir Keselman appeals from (1) the March 15, 2005 judgment of the United States District Court for the Eastern District of New York (Nicholas G. Garaufis, *Judge*) granting summary judgment in favor of the defendants-appellees and denying Keselman's motion to amend his complaint and (2) the district court's April 26, 2005 order denying Keselman's motion to amend its findings or judgment. We assume the parties' familiarity with the facts and procedural history.

First, Keselman claims that the district court improperly granted summary judgment dismissing his claim against Officer Martinez. Keselman claims that Officer Martinez owed him a special duty of care that is owed to persons who have collaborated in the arrest or prosecution of criminals and are in danger due to their assistance. *See Schuster v. City of New York*, 5 N.Y.2d 75, 180 N.Y.S.2d 265, 154 N.E.2d 534, 536–37 (1958). This duty does not apply here because Keselman's comments to Officer Martinez did not lead to an arrest or prosecution; indeed, the alleged assault victim refused Officer Martinez's offer to press charges.

Next, Keselman claims that the defendants are liable under the "state-created danger" theory of a deprivation of substantive due process. *See Pena v. De-Prisco*, 432 F.3d 98 (2d Cir.2005). We reject that contention because Officer Martinez did not affirmatively or implicitly encourage the perpetrator to commit any violent acts, *see id.* at 110, nor does his conduct "shock the contemporary conscience," *see id.* at 112. Keselman did not appear to be in danger, Shvarts was not trying to leave the subway car, and Keselman did not ask to get off the train.

Keselman claims that the district court should have allowed him to amend his complaint to add false-imprisonment and inattention-to-medical-needs claims. Although Keselman was a victim who chose to file a complaint against his alleged attacker, he claims that Officer Martinez detained him after the necessary paperwork was complete. But because Keselman points to no record evidence that any detention was unnecessary, the district court did not err in dismissing this claim.

The district court properly denied Keselman's motion to add an inattention-to-medical-needs claim to his complaint. Even assuming that Keselman was in police custody and that the injury to Keselman's thumb was an urgent and extreme condition, *see Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir.1996), there is no evidence that Officer Martinez knew of such an excessive risk to Keselman's health. *See Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (defendant must actually know of the substantial risk of serious harm).

We have considered Keselman's remaining contentions and find them meritless.

For the foregoing reasons, the district court's judgment is **AFFIRMED**. No costs.