■ FRANTZ ETIENNE, Respondent, v NEW YORK CITY POLICE DEPARTMENT et al., Appellants, et al., Defendant. [830 NYS2d 349]—

In an action, inter alia, to recover damages for wrongful death, the defendants New York City Police Department, New York City Fire Department, and City of New York appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated May 26, 2005, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

On December 29, 1999 at 5:39 P.M., the plaintiff's mother, Marie Etienne (hereinafter the decedent), was having difficulty breathing, and thus contacted the defendant American Medical Alert Corp. (hereinafter AMAC), a private emergency calling service to which she subscribed. AMAC called the 911 emergency telephone number operated by the defendant City of New York. After learning that help was on the way, the decedent went to wait at the home of her neighbor, Daisy Roberts. Within five minutes, an ambulance was en route. At 5:56 P.M., a uniformed police officer arrived on bicycle at the Roberts home. According to Roberts, that officer used his radio to make urgent requests for medical personnel, and repeatedly assured both the decedent and Roberts " 'not to worry' because 'help was on the way.' " However, just after 6:00 P.M., the ambulance dispatched to the Roberts home, which was having difficulty finding the location, became disabled and was taken out of service. A second ambulance was then dispatched, although a "highly" extended response time was expected. At about 6:26 P.M., firefighters trained as first responders arrived on the scene. Approximately 3 minutes later, the first paramedics arrived. At 7:02 P.M., the decedent was pronounced dead at the scene.

The plaintiff commenced this action against the New York City Police Department, the New York City Fire Department, and the City (hereinafter the municipal defendants), as well as AMAC, to recover damages arising from negligence and wrong-

ful death. The municipal defendants moved for summary judgment dismissing the complaint insofar as asserted against them. They argued that the requisite "special relationship" with the decedent could not be established because there was no direct contact between the decedent and an agent of the municipal defendants and, therefore, there could be no reliance by the decedent on any affirmative undertaking by the municipal defendants. The Supreme Court denied the motion. We affirm.

In general, a municipality may not be held liable to a person injured by the breach of a duty owed to the general public, such as a duty to provide police protection, fire protection or ambulance services (see Laratro v City of New York, 8 NY3d 79 [2006]; Cuffy v City of New York, 69 NY2d 255 [1987]). However, there is a "narrow class of cases in which [the courts] have recognized an exception to this general rule and have upheld tort claims based upon a 'special relationship' between the municipality and the claimant . . . The elements of this 'special relationship' are: (1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking" (Cuffy v City of New York, 69 NY2d at 260; see also Laratro v City of New York, supra). Recently, the Court of Appeals reiterated that the latter two requirements of Cuffy cannot be satisfied by direct contact between an agent of the municipality and a third party, unless the third party is "acting on behalf of his or her immediate family" (Laratro v City of New York, supra at 84). This is true even if the third party is a long-time friend and coworker of the injured party, and is physically near the injured party when the 911 call is made (see Laratro v City of New York, supra).

Here, the plaintiff argues that the direct contact and reliance elements of the special relationship test may be satisfied by either the 911 call or the alleged conduct of the police officer who first responded to the 911 call.

In support of their motion for summary judgment, the municipal defendants demonstrated, prima facie, that the 911 call was insufficient to establish a special relationship with the decedent. The municipal defendants proffered, inter alia, the testimony of an employee of AMAC, who stated that the decedent would not have been directly connected to the 911 operator during the call to AMAC, and a transcript of the call, which does not indicate any statements by the decedent to the 911 operator, or to the

decedent by the 911 operator. In opposition to this prima facie demonstration, the plaintiff failed to raise a triable issue of fact, and there is no evidence to support the plaintiff's contention that the 911 call was a three-way conversation that included the decedent.

However, the municipal defendants failed to demonstrate, prima facie, that the alleged conduct of the police officer who first responded to the 911 call was insufficient to satisfy the direct contact and reliance requirements of the special relationship test (*see e.g. Mastroianni v County of Suffolk*, 91 NY2d 198 [1997]; *Tarnaras v County of Nassau*, 264 AD2d 390 [1999]). Thus, that branch of the municipal defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them was properly denied. Schmidt, J.P., Ritter, Fisher and Lifson, JJ., concur.