■ Candice Brown, Appellant, v City of New York, Respondent. [902 NYS2d 594]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Rothenberg, J.), dated January 7, 2009, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In 2002 the plaintiff's neighbors, Andrea Campbell and her daughter, Shanie Campbell (hereinafter together the Campbells), allegedly engaged in a course of conduct which included, inter alia, verbal abuse and physical confrontations directed toward the plaintiff. The Campbells' conduct allegedly culminated in an incident that occurred on September 26, 2002, when Shanie Campbell, aided and assisted by Andrea Campbell, stabbed the

plaintiff in the eye. The gravamen of the plaintiff's complaint is the alleged failure on the part of the defendant, the City of New York, to provide adequate police protection.

"Generally, a municipality may not be held liable for the failure to provide police protection because the duty to provide such protection is owed to the public at large, rather than to any particular individual" (*Conde v City of New York*, 24 AD3d 595, 596 [2005]; *see Cuffy v City of New York*, 69 NY2d 255, 260 [1987]). A narrow exception to the rule exists where a special relationship exists between the municipality and the injured party or parties (*see Mastroianni v County of Suffolk*, 91 NY2d 198, 203 [1997]; *Cuffy v City of New York*, 69 NY2d at 260; *Conde v City of New York*, 24 AD3d at 596; *Basher v City of New York*, 268 AD2d 546, 547 [2000]). The elements required to prove the existence of a special relationship are (1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured, (2) knowledge on the part of the municipality's agents that inaction could lead to harm, (3) some form of direct contact between the municipality's agents and the injured party, and (4) the injured party's justifiable reliance on the municipality's affirmative undertaking (*see Mastroianni v County of Suffolk*, 91 NY2d at 204; *Cuffy v City of New York*, 69 NY2d at 260).

In this case, the City established its prima facie entitlement to judgment as a matter of law dismissing the complaint by demonstrating that the facts, as testified to by the plaintiff, failed to establish the existence of a special relationship (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In opposition, the plaintiff failed to raise a triable issue of fact.

First, there was no affirmative undertaking by the City to provide the plaintiff with police protection. The assurances by the City were, at best, vague and ambiguous. Essentially, these assurances amounted to general statements by Police "Captain Vinny," such as "don't worry. [I am] going to take care of it." The plaintiff repeatedly was told to "call the police" if anything actually happened. Although police officers allegedly were stationed in the area, the plaintiff was never told by "Captain Vinny" when the officers would be present or how long they would remain.

Second, the plaintiff did not justifiably rely upon any affirmative undertaking by the City. "The element of reliance 'provides the essential causative link between the "special duty" assumed by the municipality and the alleged injury. Indeed, at the heart of most of these "special duty" cases is the unfairness that the courts have perceived in precluding recovery when a municipali-

ty's voluntary undertaking has lulled the injured party into a false sense of security and has thereby induced him [or her] either to relax his [or her] own vigilance or to forgo other available avenues of protection.' " (*Conde v City of New York,* 24 AD3d at 597, quoting *Cuffy v City of New York,* 69 NY2d at 261).

It is the plaintiff's burden to show that the City's conduct actually lulled her into a false sense of security, induced her either to relax her own vigilance or forgo other avenues of protection, and thereby placed her in a worse position than she would have been had the City never assumed the duty (*see Conde v City of New York,* 24 AD3d at 597; *Finch v County of Saratoga,* 305 AD2d 771, 773 [2003]; *Clark v Town of Ticonderoga,* 291 AD2d 597, 599 [2002]).

Recently, in *Dinardo v City of New York* (13 NY3d 872 [2009]), the Court of Appeals explained that the "assurance by the municipal defendant must be definite enough to generate justifiable reliance by the plaintiff" (*id.* at 874). In *Dinardo,* the Court of Appeals noted that vaguely worded statements by the defendant therein that "something" was being done "without any indication of when, or if, such relief would come, did not, as a matter of law, constitute an action that would lull a plaintiff into a false sense of security or otherwise generate justifiable reliance" (*id.*). Similarly, here, "Captain Vinny['s]" assurances of "don't worry" or "[I am] going to take care of it," even when considered in conjunction with the purported police presence on the plaintiff's block, did not lull the plaintiff into a false sense of security or otherwise generate justifiable reliance. The plaintiff testified at her examination before trial that, in August and September 2002, she was still being harassed by the Campbells and that she continued to feel unsafe.

Accordingly, the Supreme Court properly granted the City's motion for summary judgment dismissing the complaint. Rivera, J.P., Dickerson, Chambers and Hall, JJ., concur.