In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Sherman, J.), dated November 5, 2010, as granted the defendants’ motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action against the defendants, City of New York, Folice Officer Aníbal Martinez, and the then-New York City Folice Commissioner, Bernard Kerik, inter alia, to recover damages for personal injuries, false imprisonment, *1279 and inattention to medical needs arising out of an incident that occurred on November 3, 2000. The Supreme Court properly granted those branches of the defendants’ motion which were for summary judgment dismissing the causes of action to recover damages for false imprisonment and inattention to medical needs on the ground that they were barred by the doctrine of res judicata. “[U]nder the transactional approach adopted by New York in res judicata jurisprudence, once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy” (Grossman v New York Life Ins. Co., 90 AD3d 990, 991 [2011] [internal quotation marks omitted]). The defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing those causes of action by presenting evidence that they were barred by a prior judgment (see Keselman u City of New York, 179 Fed Appx 774 [2d Cir 2006]). In opposition, the plaintiff failed to raise a triable issue of fact.
The Supreme Court also properly granted those branches of the defendants’ motion which were for summary judgment dismissing the causes of action predicated on malfeasance, fraud, false representation, and negligence. With respect to those causes of action, the plaintiff alleged, inter alia, that the defendant police officer, among other things, declined to arrest a nonparty that the plaintiff sought to have arrested. “Generally, a municipality may not be held liable for the failure to provide police protection because the duty to provide such protection is owed to the public at large, rather than to any particular individual. A narrow exception to the rule exists where a special relationship exists between the municipality and the injured party” (Brown v City of New York, 73 AD3d 1113, 1114 [2010] [internal quotation marks and citations omitted]). The elements of this “special relationship” are: “ ‘(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality’s agents that inaction could lead to harm; (3) some form of direct contact between the municipality’s agents and the injured party; and (4) that party’s justifiable reliance on the municipality’s affirmative undertaking’ ” (Valdez v City of New York, 18 NY3d 69, 80 [2011], quoting Cuffy v City of New York, 69 NY2d 255, 260 [1987]). Further, “a municipality is not to be held liable for judgmental errors in the exercise of its governmental functions” (Rodriguez v City of New York, 189 AD2d 166, 175 [1993] [internal quotation marks omitted]; see Matter of Bullion v Safir, 249 AD2d 386 [1998]). A decision to arrest an individual involves “the *1280 exercise of discretion or expert judgment in a policy matter and thus is cloaked with governmental immunity” (Rodriguez v City of New York, 189 AD2d at 177-178). The defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the causes of action predicated on malfeasance, fraud, false representation, and negligence by presenting evidence that they did not have a special relationship with the plaintiff (see Cuffy v City of New York, 69 NY2d at 260; Brown v City of New York, 73 AD3d at 1114), and also because they were immune from liability for any injury the plaintiff may have sustained arising from a decision by the defendant police officer whether or not to arrest the nonparty (see Rodriguez v City of New York, 189 AD2d at 177-178). In opposition, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
The plaintiffs remaining contentions either are without merit or not properly before this Court. Dillon, J.E, Leventhal, Hall and Austin, JJ., concur.