■ Dawn Kirchberger et al., Respondents, v Vincent Senisi et al., Defendants, and Brentwood Fire Department, Appellant. [996 NYS2d 656]—

In an action to recover damages for injury to property, the defendant Brentwood Fire Department appeals from an order of the Supreme Court, Suffolk County (Gazzillo, J.), dated December 17, 2013, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against the appellant is granted.

Shortly after a fire began in the premises in which the plaintiffs resided, the plaintiffs' neighbors called 911. Their calls, as well as the plaintiff Robert Reyes's call, were routed to the Suffolk County Fire Rescue Emergency Services (hereinafter FRES), which informed Reyes that firefighters would respond to the premises and notified the defendant Brentwood Fire Department (hereinafter the defendant) of the incident. According to the plaintiffs, firefighters arrived approximately 25 minutes after the first 911 call was made. The plaintiffs commenced this action to recover damages for injury to property, alleging that the defendant was "delinquent" in responding to the emergency.

Generally, a municipality may not be held liable for the failure to provide fire protection because the duty to provide such protection is owed to the public at large, rather than to any particular individual (*see Applewhite v Accuhealth, Inc.*, 21 NY3d 420, 425-426 [2013]; *Valdez v City of New York*, 18 NY3d 69, 75 [2011]; *Freeman v City of New York*, 111 AD3d 780 [2013]). An

exception to this rule exists where there is a special relationship between the municipality and the injured parties (*see Mastroianni v County of Suffolk*, 91 NY2d 198 [1997]; *Freeman v City of New York*, 111 AD3d 780 [2013]; *Brown v City of New York*, 73 AD3d 1113, 1114 [2010]). "The elements of this 'special relationship' are: (1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking" (*Cuffy v City of New York*, 69 NY2d 255, 260 [1987]; *see Etienne v New York City Police Dept.*, 37 AD3d 647, 649 [2007]).

Here, the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating the lack of any special relationship (*see Valdez v City of New York*, 18 NY3d 69 [2011]; *Bawa v City of New York*, 94 AD3d 926 [2012]; *Brown v City of New York*, 73 AD3d 1113 [2010]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Contrary to the Supreme Court's conclusion, there was no question of fact as to whether there was "direct contact" between the defendant and the plaintiffs. According to Reyes's testimony, he spoke to a 911 operator and to an individual employed by FRES. Reyes did not speak directly with any employee of the defendant, and there was no evidence of an agency relationship between FRES and the defendant (*see generally Faith Assembly v Titledge of N.Y. Abstract, LLC*, 106 AD3d 47, 58 [2013]; *Maurillo v Park Slope U-Haul*, 194 AD2d 142, 146 [1993]; *cf. Etienne v New York City Police Dept.*, 37 AD3d at 649).

Moreover, there was no question of fact as to whether the plaintiffs justifiably relied upon any affirmative undertaking by the defendant. In this respect, the plaintiffs failed to raise a triable issue of fact as to whether the defendant's conduct "lulled [them] into a false sense of security, induced [them] either to relax [their] own vigilance or forgo other avenues of protection, and thereby placed [them] in a worse position than [they] would have been had the [defendant] never assumed the duty" (*Brown v City of New York*, 73 AD3d at 1115).

Accordingly, the defendant's motion should have been granted. Skelos, J.P., Austin, Sgroi and LaSalle, JJ., concur.