■ BARBARA PEDOTE et al., Appellants, v STP ASSOCIATES, LLC, Respondent. [998 NYS2d 894]—

In an action for declaratory relief, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Jaeger, J.), dated July 23, 2012, as granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the third cause of action based upon the doctrine of res judicata.

Ordered that the order is affirmed insofar as appealed from, with costs.

" 'Under the doctrine of res judicata, a disposition on the

merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding' " (*Douglas Elliman, LLC v Bergere*, 98 AD3d 642, 642-643 [2012], quoting *Abraham v Hermitage Ins. Co.*, 47 AD3d 855, 855 [2008]). "Res judicata thus 'operates to preclude the renewal of issues actually litigated and resolved in a prior proceeding as well as claims for different relief which arise out of the same factual grouping or transaction and which should have or could have been resolved in the prior proceeding' " (*Douglas Elliman, LLC v Bergere*, 98 AD3d at 643, quoting *Union St. Tower, LLC v Richmond*, 84 AD3d 784, 785 [2011]; *see O'Brien v City of Syracuse*, 54 NY2d 353 [1981]).

The third cause of action asserted herein could have been raised in a prior action (*see Drasser v STP Assoc., LLC*, 90 AD3d 701 [2011]), as it originates from the same events which gave rise to the prior action, and merely relies upon a different legal theory. Accordingly, the Supreme Court properly determined that the third cause of action is barred by the doctrine of res judicata (*see* CPLR 3211 [a] [5]; *Bayer v City of New York*, 115 AD3d 897 [2014]; *Cox v Hubbard*, 115 AD3d 783, 785 [2014]; *Keselman v City of New York*, 95 AD3d 1278, 1279 [2012]). Skelos, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.