OPINION OF THE COURT
Phyllis Orlikoff Flug, J.
Defendants, the City of New York (hereinafter City) and the New York City Department of Sanitation (hereinafter DOS), move inter alia for summary judgment, dismissing plaintiffs’ complaint as asserted against them.
This is an action to recover damages sustained by plaintiffs when their vehicle, a Sakai SW700 steamroller, was destroyed at the junkyard owned and operated by defendant, Sims Metal *1078 Management, located at 3027 Greenpoint Avenue, in the County of Queens, City and State of New York.
Prior to its removal, plaintiffs used the roller to perform paving work on 72nd Road, near its intersection with 150th Street, in the County of Queens, City and State of New York. Plaintiffs performed this work as subcontractors pursuant to a contract with Clemente Brothers Contracting, Inc., which had contracted with defendant, City, to perform piping installation at the subject location.
The roller remained legally parked on the roadway adjacent to the premises located at 147-33 72nd Drive for approximately three weeks after the paving work had been completed.
On March 10, 2011, the roller was inspected and tagged for removal. Neither the records submitted by defendants, nor the deposition testimony of their witness, Kevin Finnerity, a supervisor with the Derelict Vehicle Division of DOS, provide any information regarding what prompted this inspection.
The roller was removed by DOS the following day, March 11, 2011, and was held by the DOS facility located at 803 Forbell Street, in the County of Kings, City and State of New York. Plaintiffs were not notified that the roller had been removed, despite their contact information being prominently displayed on both the left and right side panels of the vehicle.
On March 20, 2011, plaintiff, Thomas Caramanno, returned to retrieve the roller and was informed by a maintenance supervisor of a nearby apartment building that the roller had been removed by DOS.
Plaintiff contacted DOS on that same date and was informed by two different employees that the roller had been taken to Sims and was no longer in the possession of DOS. Plaintiff then drove directly to the Sims facility where he was informed by an employee that Sims’s records did not indicate that any rollers had been received. Plaintiff made multiple attempts to contact the DOS to further inquire about the whereabouts of the roller but was informed that the DOS did not have any further information.
On April 6, 2011, approximately 21h weeks after informing plaintiff that it no longer had possession of the roller, DOS sent the roller to the Sims facility and the roller was destroyed.
On a motion for summary judgment, the proponent “must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any *1079 material issues of fact from the case” (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 852-853 [1985]). Once the proponent has made this showing, the burden of proof shifts to the party opposing the motion to produce evidentiary proof in admissible form to establish that material issues of fact exist which requires a jury trial (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
It is well settled that “[g]overnment action, if discretionary, may not be a basis for liability” (McLean v City of New York, 12 NY3d 194, 203 [2009]). This is true even if the municipality has acted with malice or negligence (see Tango v Tulevech, 61 NY2d 34, 40 [1983]). On the other hand, government action, if ministerial, may be a basis for liability, but only if the municipality violates a special duty owed to the plaintiff, apart from any duty to the public in general (see McLean at 203).
Defendants contend that the removal and destruction of an abandoned vehicle is inherently discretionary (see Dipace v Town of Stockport, 190 AD2d 982, 983-984 [3d Dept 1993]).
Contrary to defendants’ contentions, however, the Second Department has expressly held that such governmental action may be the basis for liability where a special relationship exists (see Lee v City of New York, 193 AD2d 787, 788 [2d Dept 1993]).
Moreover, in Shipley v City of New York (25 NY3d 645 [2015]), the Court of Appeals recently clarified that the determination of whether a governmental action is discretionary or ministerial turns, at least in part, on the specificity of the directives being followed (see id. at 658).
The records submitted by defendants in support of their motion state that the removal and destruction of vehicles is governed by section 1224 of the Vehicle and Traffic Law and section 16-128 of the Administrative Code of the City of New York. Both of these statutes direct that further guidelines regarding the removal of vehicles be promulgated.
As defendants have failed to submit any guidelines, regulations, rules or policies governing the removal of vehicles, there remain issues of fact regarding whether defendants’ actions in removing the vehicle and sending it to be destroyed were discretionary or ministerial (see generally Shipley at 655-658).
In any event, defendants fail to allege that the other alleged instances of negligence, including the failure to inform *1080 plaintiffs that their roller had been removed and improperly-informing plaintiffs that the roller had been destroyed, implicate discretionary, rather than ministerial, functions (see McLean at 203).
Defendants further contend that they cannot be held liable even for their ministerial actions because they did not have a special relationship with the plaintiffs that gave rise to a special duty owed specifically to them and not to the public at large (see McLean at 203).
“A special relationship can be formed in [one oí] three ways: (1) when the municipality violates a statutory duty enacted for the benefit of a particular class of persons; (2) when it voluntarily assumes a duty that generates justifiable reliance by the person who benefits from the duty; or (3) when the municipality assumes positive direction and control in the face of a known, blatant and dangerous safety violation” (McLean v City of New York at 199, quoting Pelaez v Seide, 2 NY3d 186, 199-200 [2004]).
The elements of a special relationship formed by the municipality’s voluntary assumption of a duty are
“(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality’s agents that inaction could lead to harm; (3) some form of direct contact between the municipality’s agents and the injured party; and (4) that party’s justifiable reliance on the municipality’s affirmative undertaking” (Cuffy v City of New York, 69 NY2d 255, 260 [1987]).
Contrary to defendants’ contentions, the factual allegations in the pleadings sufficiently plead the existence of a special relationship in this manner.
Notwithstanding any inartful drafting, plaintiffs’ complaint can be read to allege that defendants assumed an affirmative duty to act on behalf of plaintiffs, and were, in fact, affirmatively acting on behalf of plaintiffs, by their actions in assuming control of plaintiffs’ vehicle and removing the vehicle from the street (see Shipley at 671-672 [Rivera, J., dissenting]; see also Applewhite v Accuhealth, Inc., 21 NY3d 420, 431 [2013]; Page v City of Niagara Falls, 277 AD2d 1047 [4th Dept 2000]).
*1081 In addition, plaintiffs’ conversations with multiple DOS employees satisfy the element of direct contact (see Etienne v New York City Police Dept., 37 AD3d 647, 649 [2d Dept 2007]; Taebi v Suffolk County Police Dept., 31 AD3d 531, 532 [2d Dept 2006]; see generally Gotlin v City of New York, 90 AD3d 605, 607 [2d Dept 2011]; cf. McLean at 201-202; Kirchberger v Senisi, 122 AD3d 804, 805 [2d Dept 2014]).
Plaintiffs also allege that they were justified in relying on the information provided by defendant DOS, that the information provided was manifestly untrue, and that plaintiffs’ reliance was detrimental and ultimately resulted in plaintiffs’ inability to recover their vehicle before it was destroyed (see Chiplock v Niagara Mohawk Power Corp., 134 AD2d 96, 102 [3d Dept 1988]; see also Mastroianni v County of Suffolk, 91 NY2d 198, 205 [1997]; cf. Valdez v City of New York, 18 NY3d 69, 81-83 [2011]).
Further, these facts are sufficient to allege that the municipality’s agents knew that failing to timely inform plaintiffs of the correct whereabouts of the vehicle would lead to the precise harm that is the subject of this action, plaintiffs’ property being destroyed (see Shipley at 671-672 [Rivera, J., dissenting]; see also Page at 1047).
The submissions by defendants in support of their motion are wholly insufficient to rebut these allegations as a matter of law.
Accordingly, defendants’ motion is denied, in its entirety.