Axt v Hyde Park Police Dept. (2018 NY Slip Op 04298)





Axt v Hyde Park Police Dept.


2018 NY Slip Op 04298


Decided on June 13, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2015-11517
 (Index No. 6284/11)

[*1]Jacqueline Axt, etc., appellant,
v Hyde Park Police Department, et al., respondents, et al., defendants.


DeCaro and DeCaro, P.C., Harrison, NY (Philip A. DeCaro and Steven J. Mandel of counsel), for appellant.
Gaines, Novick, Ponzini, Cossu & Venditti, LLP, White Plains, NY (Denise M. Cossu and James A. Randazzo of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, in effect, to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Christine A. Sproat, J.), dated October 5, 2015. The order granted the motion of the defendants Hyde Park Police Department and Town of Hyde Park for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiff's decedent was shot to death by the decedent's husband several hours after she reported to the defendant Hyde Park Police Department (hereinafter the police department) that the husband had sent her a text message in violation of an order of protection. Approximately one month prior to her death, the husband had taken the decedent and their two teenage daughters hostage and threatened them with knives and a shotgun. An order of protection was issued requiring the husband to stay away from the decedent and refrain from communicating with her. Following the prior incident, the husband was arrested and jailed for approximately one month, after which he was released on bail. The decedent received a text message on her cell phone and, believing that the text had been sent by the husband in violation of the order of protection, went to the police department to request that the police instruct the husband not to contact her. The police, in the presence of the decedent, contacted the husband's mother and asked her to tell the husband not to have contact with the decedent. The police took no further action and the decedent went home, where several hours later she was killed.
The executor of the decedent's estate commenced this action against, among others, the police department and Town of Hyde Park (hereinafter together the defendants), inter alia, to re- cover damages for wrongful death, alleging that the police were negligent in failing to protect the decedent. After discovery, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them on the grounds that they could not be liable for negligence because there was no special relationship between the police department and the decedent, and that, in any event, their actions were protected by governmental immunity. The Supreme Court granted the defendants' motion, and the plaintiff appeals.
Generally, "a municipality may not be held liable to a person injured by the breach of a duty owed to the general public, such as a duty to provide police protection" (Etienne v New York City Police Dept., 37 AD3d 647, 649; see Mastroianni v County of Suffolk, 91 NY2d 198, 203). When a cause of action alleging negligence is asserted against a municipality, and the municipality is exercising a governmental function, the plaintiff must first demonstrate that the municipality owed a special duty to the injured person (see Valdez v City of New York, 18 NY3d 69, 75). The elements required to establish such a duty are: "(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking" (Cuffy v City of New York, 69 NY2d 255, 260).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that, while the police endeavored to contact the husband in order to instruct him not to further communicate with the decedent, the police did not promise to arrest the husband and the decedent could not have justifiably relied upon assurances of police protection (see Valdez v City of New York, 18 NY3d at 82-83; Graham v City of New York, 136 AD3d 747). In opposition, the testimony of the decedent's daughter as to what she was told by the decedent regarding the decedent's interaction with the police was insufficient to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
SCHEINKMAN, P.J., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court