U.S. Bank N.A. v Bertin
2026 NY Slip Op 03696
June 10, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

U.S. Bank N.A., etc., appellant,
v
Antonia Bertin, et al., defendants, Rhonda Stallings, etc., respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 10, 2026
2024-01635, (Index No. 522197/17)
Cheryl E. Chambers, J.P.
Paul Wooten
Lourdes M. Ventura
Elena Goldberg Velazquez, JJ.

Hinshaw & Culbertson LLP (Ronald H. Park, Victor L. Matthews, and McCarter & English, LLP, New York, NY [Adam M. Swanson], of counsel), for appellant.
Eisenberg Margolis & Maldonado PLLC, Melville, NY (Jason Lowe and Andrea L. Maldonado of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated September 19, 2023. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the amended complaint insofar as asserted against the defendant Rhonda Stallings, to strike that defendant's affirmative defenses and counterclaims, and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2006, Antonia Bertin (hereinafter the borrower) executed a note in the sum of $496,000, which was secured by a mortgage on certain real property located in Brooklyn. In December 2006, Fest Stallings, the purported owner of the property, commenced an action against the borrower, among others, to quiet title to the property (hereinafter the quiet title action). Fest Stallings subsequently discontinued the quiet title action, with prejudice, by a stipulation of discontinuance.
In July 2007, the plaintiff's predecessor in interest commenced an action against, among others, the borrower to foreclose the mortgage (hereinafter the 2007 foreclosure action) and elected in the complaint to call due the entire amount secured by the mortgage. In 2013, the plaintiff's predecessor in interest voluntarily discontinued the 2007 foreclosure action.
In November 2017, the plaintiff commenced this action against, among others, the borrower and Fest Stallings to foreclose the mortgage. Upon discovering that Fest Stallings had died, the plaintiff amended the complaint and substituted Fest Stallings with the defendant Rhonda Stallings (hereinafter the defendant), individually and as administrator C.T.A. of Fest Stallings's estate. The defendant's amended answer asserted various affirmative defenses and two counterclaims. In 2019, the plaintiff moved to dismiss the defendant's fifth affirmative defense and two counterclaims on the ground that they were barred by the doctrine of res judicata. The defendant cross-moved for leave to file a second amended answer and counterclaims. In an order dated September 17, 2019, the Supreme Court denied the plaintiff's motion and granted the defendant's [*2]cross-motion. In an order dated July 4, 2022, the court denied the plaintiff's motion for leave to reargue its prior motion to dismiss the defendant's fifth affirmative defense and two counterclaims.
Thereafter, the plaintiff moved, inter alia, for summary judgment on the amended complaint insofar as asserted against the defendant, to strike the defendant's second amended answer and counterclaims, and for an order of reference. The defendant opposed the motion. In an order dated September 19, 2023, the Supreme Court, among other things, denied those branches of the motion. The plaintiff appeals.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt" (Bank of N.Y. Mellon v Mor, 201 AD3d 691, 694; see U.S. Bank N.A. v Medianik, 223 AD3d 935, 937). Here, the six-year statute of limitations began to run in July 2007 when the plaintiff's predecessor in interest commenced the 2007 foreclosure action and elected in the complaint to call due the entire amount secured by the mortgage (see Deutsche Bank Natl. Trust Co. v DiGiorgio, 237 AD3d 899, 900-901; U.S. Bank N.A. v Medianik, 223 AD3d at 938). This action was commenced in November 2017, more than 10 years after the commencement of the 2007 foreclosure action. Pursuant to CPLR 3217, as amended by the Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821, § 8), the voluntary discontinuance of the 2007 foreclosure action did not serve to revive or reset the statute of limitations (see CPLR 3217[e]; Wells Fargo Bank N.A. v Edwards, 231 AD3d 1189, 1193). The plaintiff's contentions challenging FAPA's retroactive application and constitutionality under the United States and New York Constitutions are without merit (see Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065, 1067-1071; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038, 1043). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the amended complaint insofar as asserted against the defendant.
"Res judicata, or claim preclusion, bars successive litigation based upon the same transaction or series of connected transactions . . . if: (i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who was" (Heller v NYC Sch. Support Servs., Inc., 237 AD3d 674, 675 [alterations and internal quotation marks omitted]). Thus, res judicata "operates to preclude the renewal of issues actually litigated and resolved in a prior proceeding as well as claims for different relief which arise out of the same factual grouping or transaction and which should have or could have been resolved in the prior proceeding" (Pedote v STP Assoc., LLC, 124 AD3d 856, 857 [internal quotation marks omitted]; see O'Brien v. City of Syracuse, 54 NY2d 353, 357). "[T]o establish privity the interests of the nonparty must have been represented by a party in the prior proceeding" (Bayer v City of New York, 115 AD3d 897, 898).
"'The doctrine of the law of the case seeks to prevent relitigation of issues of law that have already been determined at an earlier stage of the proceeding'" (Ahmed v Carrington Mtge. Servs., LLC, 189 AD3d 960, 962, quoting Brownrigg v New York City Hous. Auth., 29 AD3d 721, 722). It is a "judicially crafted policy that expresses the practice of courts generally to refuse to reopen what has been decided, and is not a limit to their power. As such, law of the case is necessarily amorphous in that it directs a court's discretion, but does not restrict its authority" (Ahmed v Carrington Mtge. Servs., LLC, 189 AD3d at 962 [alterations and internal quotation marks omitted]).
Here, the doctrine of the law of the case precluded the Supreme Court from reconsidering the res judicata issue raised in the plaintiff's motion, inter alia, to strike the defendant's fifth, eleventh, and twelfth affirmative defense and two counterclaims, as the court previously considered and decided the res judicata issue in the order dated September 17, 2019 (see Wells Fargo Bank, N.A. v Morales, 178 AD3d 881, 882). This Court is not bound by the law of the case doctrine and may consider the plaintiff's contentions (see U.S. Bank Trust, N.A. v Longo, 227 AD3d 1122, 1123). However, the plaintiff failed to establish, prima facie, that the doctrine of res judicata was applicable. The plaintiff was not a party to the quiet title action and failed to establish that it was in privity with the defendants in the quiet title action (see Puryear v Hutchinson, 175 AD3d 521, [*3]522; Blue Sky, LLC v Jerry's Self Stor., LLC, 145 AD3d 945, 946). Accordingly, the Supreme Court properly denied those branches of the plaintiff's motion which were to strike the defendant's fifth, eleventh, and twelfth affirmative defenses and two counterclaims.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
CHAMBERS, J.P., WOOTEN, VENTURA and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court