■ HUNTINGTON COACH CORPORATION, Respondent, v BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 10, COMMACK, TOWNS OF HUNTINGTON AND SMITHTOWN, Appellant.—In an action to recover damages for breach of a transportation contract, in which defendant interposed a counterclaim to recover damages for the breach of a prior contract between the parties, defendant appeals from an order of the Supreme Court, Suffolk County, entered January 8, 1975, which (1) granted plaintiff's motion to direct it to appear for an examination before trial and (2) denied its cross motion for (a) summary judgment dismissing the complaint and (b) judgment upon its counterclaim. Order modified, on the law, by (1) adding to the second decretal paragraph thereof, after the word "denied", the following: "as to the counterclaim and granted as to the complaint", (2) deleting the first decretal paragraph and substituting therefor a provision that plaintiff's motion for an examination before trial is denied and (3) adding thereto a decretal provision granting summary judgment to plaintiff dismissing the counterclaim. As so modified, order affirmed, without costs. In our opinion, the only issues are as to the construction of ambiguities in a contract. As there is no disputed extrinsic evidence of the intention of the parties, the issue is to be determined as a question of law *(Hartford Acc. & Ind. Co. v Wesolowski,* 33 NY2d 169; *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285). In November, 1973 plaintiff brought this action to recover $250,000 for breach of a contract for the transportation of pupils to and from defendant's schools. The gravamen of the action is that defendant reduced the number of buses required for the 1972–1973 school year. The contract, however, provided for a decrease in the number of buses if transportation requirements should change. We interpret this to mean that a reduction in the number of buses was permissible if defendant's bus needs changed. Obviously they had, for defendant furnished plaintiff with a computerized bus schedule which called for fewer buses to transport the same number of students the same distances as in the preceding year. Plaintiff performed according to the terms of the new schedules. The counterclaim arose under the contract for the 1970-1971 school year. That contract permitted defendant to secure other transportation at plaintiff's cost if plaintiff failed to provide bus service. The contract also contained a liquidated damage clause of $100 a day for each bus not in operation. Defendant sought to recover $32,500, as plaintiff had failed to provide 65 buses for each of five consecutive days. However, defendant neither sought other transportation for that period nor was it billed by plaintiff for the five-day period. Under these circumstances, the liquidated damage provision is unenforceable, as it is in the nature of a penalty. Hopkins, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.