■ ARTHUR ELSTON et al., Appellants, v FCO AUTO RACING, INC., Defendant, and ORANGE COUNTY AGRICULTURAL SOCIETY, INC., Respondent, et al., Defendants.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Orange County (Patsalos, J.), dated June 20, 1988, as, upon granting the motion of the defendant Orange County Agricultural Society, Inc., to dismiss the complaint as against it made at the close of the plaintiffs' case, dismissed the complaint as against it.

Ordered that the judgment is reversed insofar as appealed from, on the law, and a new trial is granted as against the defendant Orange County Agricultural Society, Inc., with costs to abide the event.

While the plaintiff Arthur Elston was working as a security guard at a stock car racetrack, he was struck by flying debris when a race car which got "tangled up" with another car hit a telephone pole near where he was standing guard. The plaintiff commenced this action against, among others, the Orange County Agricultural Society, Inc. (hereinafter the Society), the owner and landlord of that facility, alleging that the speedway was defective owing to the improper positioning, design, and construction of its barrier wall and gate. The plaintiff produced expert testimony in support of that contention. The action proceeded to trial and at the end of the plaintiffs' case the Society moved to dismiss the complaint as against it on the ground that it ceded control of the track to another by virtue of a lease, and that it owed no duty to the injured plaintiff with regard to the construction, operation, or

maintenance of the track. The court granted the motion. We reverse.

An owner or tenant in possession of realty owes a duty of reasonable care to maintain the property in a safe condition. In order for an owner who leases premises to be held liable for injuries sustained by a plaintiff on the leased premises, it must be determined that the owner retained control over the premises on which the plaintiff was injured (*Putnam v Stout,* 38 NY2d 607). At bar, the lease between the Society, as landlord, and Glenn A. Donnelly, doing business as Drivers' Independent Race Tracks, as lessee, provides in pertinent part that "the Lessee [is] to use the landlord's racetrack for the purpose of Saturday night stock car racing and for motorsports, and to sponsor a limited number of musical concerts in the stadium and to use said facility on other days when the landlord is not using the stadium and track".

The plaintiffs presented evidence showing that the Society itself also used the track. Moreover, under the lease, the Society retained a measure of control over its track sufficient to subject it to liability (*see, Guzman v Haven Plaza Hous. Dev. Fund Co.,* 69 NY2d 559; *Putnam v Stout, supra; Pellegrino v Walker Theatre,* 127 AD2d 574). Accordingly, the court erred in dismissing the action against the Society. Thompson, J. P., Rubin, Rosenblatt and Miller, JJ., concur.