■ HARVEY ZUCKERMAN et al., Appellants, v STATE OF NEW YORK, Respondent. [618 NYS2d 917] —In a claim to recover

damages for personal injuries, etc., the claimants appeal from a judgment of the Court of Claims (Silverman, J.), dated July 9, 1992, which, after a trial on the issue of liability only, was in favor of the defendant and against them, dismissing the claim.

Ordered that the judgment is reversed, on the law, with costs, the complaint is reinstated, and the matter is remitted to the Court of Claims for further proceedings consistent herewith.

The plaintiff slipped and fell on a patch of ice which had formed on the upper level of a parking garage located on the campus of the State University of New York at Stony Brook. This property was owned by a non-party, the Dormitory Authority of the State of New York, and occupied by the defendant State. As found by the Court of Claims, "the State, through its University, agreed to provide [certain] services to the Dormitory Authority". The Court of Claims also found, based on the documentary evidence before it, that "one of [the] services [provided by defendant State] was snow and ice removal and sanding or salting".

The "Parking Facilities Maintenance Agreement I", entered into between the Dormitory Authority of the State of New York and the State University of New York, states in relevant part that "the University [was supposed] to provide the following services at Parking Garage A * * * snow and ice removal and sanding and salting as required". A "Manual of Operating Procedures" states that "SUNY [was supposed to] patrol * * * the facilities to assure that * * * no unsafe conditions exist". This document also identifies ice patches as an example of the type of unsafe condition for which agents of the State University were supposed to inspect the premises.

The Court of Claims held, after trial on the issue of liability, that the defendant State owed no common-law duty of reasonable care with respect to the maintenance of this property, and that the State did not owe any duty to the plaintiff on the theory that the plaintiff was a third-party beneficiary of the State's contract with the Dormitory Authority. We disagree with this holding.

The evidence establishes that the control of the premises in question was a cooperative effort in which the State played an essential role by providing cleaning, security, and other services. An occupant of premises, like an owner, has a common law duty to keep the property in reasonably safe condition

*(see, Putnam v Stout,* 38 NY2d 607; *Zadarosni v F. & W. Restauranteurs,* 192 AD2d 1051; *Provenzano v Roslyn Gardens Tenants Corp.,* 190 AD2d 718; *Farrar v Teicholz,* 173 AD2d 674; *Elston v FCO Auto Racing,* 161 AD2d 561; *Chadis v Grand Union Co.,* 158 AD2d 443; *McGill v Caldors, Inc.,* 135 AD2d 1041). This duty coexists with the duty the defendant State undertook as a result of its contractual promise to keep the premises free of ice and snow *(see, Palka v Servicemaster Mgt. Serv. Corp.,* 83 NY2d 579; *cf., Eaves Brooks Costume Co. v Y.B.H. Realty Corp.,* 76 NY2d 220; *Ledda v Minkin,* 149 AD2d 471). In light of the provisions noted above, the State's contractual promises could only have enlarged, and could not have restricted, the scope of its duty of care.

In general, the duty which the common law imposes on the owner or possessor of property includes the duty to make reasonable efforts to inspect the property so as to determine the presence of dangerous conditions *(Willis v Young Men's Christian Assn.,* 28 NY2d 375; *Ford v Grand Union Co.,* 268 NY 243). The owner or possessor of property does not absolve himself or herself of this duty merely by hiring a third party to make periodic inspections *(see, Fish v Estate of McCarthy,* 224 App Div 160). Thus, the holding of the Court of Claims that "the State was under no obligation to * * * [inspect the garage]" is incorrect. This duty existed both as a matter of contract and as a matter of tort law.

For the foregoing reasons, the Court of Claims erred in granting judgment to the defendant and dismissing the complaint either on the theory that the State's negligence, if any, consisted of nonfeasance only *(cf., Palka v Servicemaster Mgt. Serv. Corp.,* 83 NY2d 579, *supra)* or on the theory that the plaintiff was not an intended beneficiary of the State's contract with the Dormitory Authority. The matter should therefore be remitted to the Court of Claims for a decision on those issues left undecided as a result of that court's determination, and, if necessary, for an apportionment of liability and a trial of damages. Bracken, J. P., Miller and Copertino, JJ., concur.

Hart, J., dissents and votes to affirm the judgment appealed from, with the following memorandum: It is my opinion, contrary to the conclusion of my colleagues in the majority, that the trial court acted properly in its interpretation of the relevant documents and correctly ruled that the State owed no duty to the injured claimant either by way of contract privity or under the common law. Contracts which are explicit and clearly set forth the parties agreement or agreements

involve only questions of law and the construction of such documents is a matter for the court.

The claimant sued in the Court of Claims for injuries allegedly sustained when he slipped on a patch of ice at a parking facility located at the State University of New York (hereinafter the State or SUNY), Stony Brook, New York. The parking facility is owned, operated and maintained by the Dormitory Authority of the State of New York (hereafter the Authority). The Authority is an entity independent of the State.

The Authority entered into an agreement with Square Island, Inc. (hereinafter Square), whereby Square agreed to occupy, manage and control the parking facility and to be responsible for the parking garage's day-to-day operations. Accordingly, Square was the *in locus* tenant.

The State agreed that the security force employed by its education facility, *i.e.*, SUNY, would supply security at the premises and, if a dangerous condition was discovered by its employees, it would be brought to the attention of the management company. In addition, the State agreed when requested by the management company, to remove accumulated snow and ice and to cure any condition discovered if the management company failed to do so.

Due to the jurisdictional limits of the Court of Claims, neither the Authority as the owner, nor Square as the management company, were subject to suit before that court. The record is silent as to whether or not the injured claimant commenced an action against these entities in the State Supreme Court.

I do not agree with the majority's conclusion that the State was an "occupant" of the premises. The State's only relationship to the garage facility had its genesis in several written documents drafted by the Authority. A document must be interpreted by assigning reasonable import to its verbiage *(see, Weinberg & Holman v Providence Washington Ins. Co.,* 254 NY 387; *Huntington Coach Corp. v Board of Educ.,* 49 AD2d 761, *affd* 40 NY2d 892; *Brainard v New York Cent. R. R. Co.,* 242 NY 125). In my opinion, contrary to the majority's conclusion, the documents created neither an ownership, possessor, occupant, or tenant status in the State. Moreover, the agreements created no duty running to third parties *(Pittsburgh Coke & Chem. Co. v Hollo,* 421 F Supp 908, *affd* 560 F2d 1089; *Suburban Club v Town of Huntington,* 56 Misc 2d 715).

I disagree that the status of the State in the case at bar

equates with that of the defendants in the decision cited by the majority *(see, Putnam v Stout,* 38 NY2d 607). Being neither owner, occupant, or possessor, the State owed no common law duty of reasonable care attributable to a land owner or a non-owner exclusive occupier. Absent a duty of care to the person injured, a party cannot be held liable in negligence *(see, Palsgraf v Long Is. R. R. Co.,* 248 NY 339; *Zadarosni v F. & W. Restauranteurs,* 192 AD2d 1051; *Balsam v Delma Eng'g Corp.,* 139 AD2d 292). On the contrary the Authority owner, and Square as occupant or possessor, owed such a duty to the injured claimant *(Putnam v Stout,* 38 NY2d 607, *supra; Willis v Young Men's Christian Assn.,* 28 NY2d 375).

In sum, where as here the State owed neither a contractual nor a common law duty to the injured claimant I would affirm the dismissal of the complaint by the Court of Claims.