In an action, inter alia, to recover damages for wrongful death, the defendants appeal from an order of the Supreme Court, Queens County (Flug J.), entered June 20, 2012, which denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint and granted the plaintiffs’ cross motion for leave to serve an amended complaint.
Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, the plaintiffs’ cross motion for leave to serve an amended complaint is denied, and the defendants’ motion to dismiss the complaint for failure to state a cause of action is granted.
On the morning of December 27, 2010, in the aftermath of a major blizzard, Yvonne Freeman (hereinafter the decedent) began to experience difficulty breathing while at her home in Queens, which she shared with the plaintiff, her adult daughter. According to the original complaint, the plaintiff attempted *781 “but was unable to communicate with an operator or personnel of the 911 emergency telephone system” to request assistance for her mother. Later that morning, the decedent died at home. The plaintiff thereafter commenced this action alleging, inter alia, that the defendants, the City of New York and the New York City Department of Sanitation, were negligent in failing to provide emergency services, and in failing to prepare for, and respond to, the snowstorm.
The defendants moved to dismiss the complaint for failure to state a cause of action, arguing, inter alia, that since it was conceded in the complaint that there had been no communication with 911 personnel, the plaintiff could not demonstrate a “special relationship” necessary to hold them liable in this case. The plaintiff opposed the motion and cross-moved for leave to amend her complaint. In opposition to the defendants’ motion and in support of her cross motion, the plaintiff submitted affidavits from various individuals. These affiants stated that they had called and spoken to 911 operators on the day of the incident, that they had informed the operators of the “medical emergency,” and that they were told by the 911 operators that an ambulance would be sent to the decedent’s house, but that no ambulance arrived. The plaintiff also submitted a proposed amended complaint which, inter alia, incorporated these allegations. The Supreme Court denied the defendants’ motion and granted the plaintiffs’ cross motion for leave to serve the proposed amended complaint.
The Supreme Court should have granted the defendants’ motion to dismiss the complaint. When considering a motion to dismiss pursuant to CPLR 3211 (a) (7), “the [initial] sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law” (Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]). For the purpose of determining a motion to dismiss a complaint, the facts alleged therein must be deemed to be true, and the plaintiff must be accorded the benefit of every possible inference (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]). Moreover, the “court may consider affidavits submitted by the plaintiff to remedy any defects in the complaint and, upon considering such affidavits, the facts alleged therein must also be assumed to be true” (Pasquaretto v Long Is. Univ., 106 AD3d 794, 795 [2013]).
As a general rule, “a municipality may not be held liable to a person injured by the breach of a duty owed to the general public, such as a duty to provide police protection, fire protection or ambulance services” (Etienne v New York City Police Dept., 37 *782 AD3d 647, 649 [2007]). There is, however, a “narrow class of cases in which [the courts] have recognized an exception to this general rule and have upheld tort claims based upon a ‘special relationship’ between the municipality and the claimant” (Cuffy v City of New York, 69 NY2d 255, 260 [1987], quoting De Long v County of Erie, 60 NY2d 296, 304 [1983]). Such special relationship imposes a specific duty upon the municipality to act on behalf of the claimant (see Miller v State of New York, 62 NY2d 506, 510 [1984]; see also Cuffy v City of New York, 69 NY2d at 260; Napolitano v County of Suffolk, 61 NY2d 863 [1984]). As articulated by the Court of Appeals in Cuffy v City of New York, “[t]he elements of this ‘special relationship’ are: (1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality’s agents that inaction could lead to harm; (3) some form of direct contact between the municipality’s agents and the injured party; and (4) that party’s justifiable reliance on the municipality’s affirmative undertaking” (Cuffy v City of New York, 69 NY2d at 260).
Here, the complaint fails to allege any facts tending to show that there was any “direct contact” between the decedent and the defendants or that there was any “justifiable reliance” on any promise made to the decedent by the defendants. Accordingly, the complaint does not state facts from which it could be found that there was a special relationship between the decedent and the defendants necessary to assert a negligence cause of action against the defendants (see Laratro v City of New York, 8 NY3d 79 [2006]). In the absence of any allegation of such a relationship, the complaint cannot state a viable cause of action against the City based on its alleged negligence in failing to send an ambulance to the decedent’s home.
Furthermore, under the circumstances of this case, the allegations in the complaint that the defendants were negligent in preparing for and responding to the subject snowstorm, like the allegation regarding the 911 emergency response, also implicate the exercise of a governmental function. The defendants are similarly immune from liability in connection with their exercise of such function in the absence of a special relationship, which was not sufficiently pleaded (see Matter of World Trade Ctr. Bombing Litig., 17 NY3d 428, 446-447 [2011]; see also Apple-white v Accuhealth, Inc., 21 NY3d 420, 425 [2013]; Sebastian v State of New York, 93 NY2d 790, 793 [1999]). Accordingly, the Supreme Court should have granted the motion to dismiss the complaint for failure to state a cause of action.
The Supreme Court should have denied the plaintiffs cross *783 motion for leave to serve the proposed amended complaint. Although “[a] determination whether to grant such leave is within the Supreme Court’s broad discretion, and the exercise of that discretion will not be lightly disturbed” (Peerless Ins. Co. v Micro Fibertek, Inc., 67 AD3d 978, 980 [2009]), leave to amend a pleading should not be granted where the proposed amendment is “palpably insufficient” (Malanga v Chamberlain, 71 AD3d 644, 646 [2010], quoting G.K. Alan Assoc., Inc. v Lazzari, 44 AD3d 95, 99 [2007]). Here, the proposed amended complaint was palpably insufficient since, even if the additional allegations were considered and accepted as true, there was no basis for concluding that they sufficiently alleged facts from which it could be found that a special relationship was somehow created between the defendants and the decedent (see Gotlin v City of New York, 90 AD3d 605, 606-607 [2011]). Dillon, J.E, Sgroi, Cohen and Miller, JJ, concur.