■ ESTATE OF GAIL RADVIN et al., Respondents-Appellants, v CITY OF NEW YORK et al., Appellants-Respondents. [991 NYS2d 609]—

In an action, inter alia, to recover damages for wrongful death, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), entered December 26, 2012, as denied that branch of their

motion which was, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the first, fourth, and fifth causes of action in the amended complaint, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as granted that branch of the defendants' motion which was, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the second and third causes of action in the amended complaint.

Ordered that the order is reversed insofar as appealed from, on the law, and that branch of the defendants' motion which was, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the first, fourth, and fifth causes of action in the amended complaint is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

On December 27, 2010, Gail Radvin (hereinafter the decedent) was having difficulty breathing and her daughters, Faith Radvin and Robin Martucci, made repeated telephone calls to the 911 emergency number for an ambulance. At the time, the decedent was in Faith Radvin's apartment. Initially, a 911 operator could not locate an ambulance to respond to the call as a result of recent snowfall that was blocking the streets. Robin Martucci was twice told that "there was nothing available in the area." Eventually, an ambulance was located and the 911 operator indicated to the decedent's daughters that the ambulance would be there "as fast as they can." An ambulance with emergency services personnel subsequently arrived and took the decedent to the hospital, where she was pronounced dead a short time later.

Thereafter, the decedent's daughters, individually and as co-executors of the decedent's estate (hereinafter together the plaintiffs), commenced this action to recover damages for wrongful death against the defendants City of New York, City of New York Sanitation Department, and New York City Fire Department (hereinafter collectively the defendants). The first and fourth causes of action allege that the defendants were negligent in responding to the plaintiffs' 911 call. The second and third causes of action allege that the defendants failed to prepare for, and respond to, the snowstorm. The fifth cause of action asserts a derivative claim to recover damages for, among other things, loss of services.

The defendants moved, in effect, to dismiss the amended complaint pursuant to CPLR 3211 (a). In the order appealed from, the Supreme Court granted the defendants' motion to the extent that it directed the dismissal, pursuant to CPLR 3211 (a)

(7), of the second and third causes of action in the amended complaint. The defendants appeal and the plaintiffs cross-appeal.

As a general rule, "a municipality may not be held liable to a person injured by the breach of a duty owed to the general public, such as a duty to provide police protection, fire protection or ambulance services" (*Etienne v New York City Police Dept.*, 37 AD3d 647, 649 [2007]). When a negligence cause of action is asserted against a municipality, and the municipality's actions are proprietary in nature, the municipality is subject to suit under the ordinary rules of negligence applicable to nongovernmental parties (*see Applewhite v Accuhealth, Inc.*, 21 NY3d 420, 425 [2013]; *Matter of World Trade Ctr. Bombing Litig.*, 17 NY3d 428, 446-447 [2011]). If it is determined that a municipality was exercising a governmental function, a municipality may not be held liable unless it owed a "special duty" to the injured party (*see Applewhite v Accuhealth, Inc.*, 21 NY3d at 426; *Valdez v City of New York*, 18 NY3d 69, 75 [2011]; *Kupferstein v City of New York*, 101 AD3d 952, 953 [2012]). A "special duty" is "a duty to exercise reasonable care toward the plaintiff," and is "born of a special relationship between the plaintiff and the governmental entity" (*Flagstar Bank, FSB v State of New York*, 114 AD3d 138, 143 [2013], quoting *Pelaez v Seide*, 2 NY3d 186, 189, 198-199 [2004]). Insofar as relevant in this case, to establish a special relationship against a municipality which was exercising a governmental function, a plaintiff must show: "(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking" (*Cuffy v City of New York*, 69 NY2d 255, 260 [1987]; *see Valdez v City of New York*, 18 NY3d at 80).

Here, the Supreme Court erred in denying that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging that the defendants were negligent in responding to the plaintiffs' 911 call. On a motion to dismiss pursuant to CPLR 3211 (a) (7), the complaint is to be afforded a liberal construction (*see* CPLR 3026). The facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Thomas v LaSalle Bank N.A.*, 79 AD3d 1015, 1017 [2010]).

A municipal emergency response system is "a classic governmental, rather than proprietary, function" (*Applewhite v Accuhealth, Inc.*, 21 NY3d at 430, quoting *Valdez v City of New York*, 18 NY3d at 75). Contrary to the plaintiffs' contentions, the amended complaint fails to allege any facts tending to show that there was any "justifiable reliance" on any promise made to the decedent by the defendants. Accordingly, the amended complaint fails to state facts from which it could be found that there was a special relationship between the decedent and the defendants and, therefore, the amended complaint does not state a viable cause of action against the defendants based upon their alleged negligence in responding to the plaintiffs' 911 call (*see Freeman v City of New York*, 111 AD3d 780, 782 [2013]; *cf. Applewhite v Accuhealth, Inc.*, 21 NY3d at 431).

Further, the Supreme Court properly granted that branch of the defendants' motion which was, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the second and third causes of action in the amended complaint alleging that the defendants failed to prepare for, and respond to, the snowstorm. A municipality is obligated to maintain the streets and highways within its jurisdiction in a reasonably safe condition for travel (*see Lopes v Rostad*, 45 NY2d 617, 624 [1978]; *Mazzella v City of New York*, 72 AD3d 755 [2010]; *Gonzalez v City of New York*, 148 AD2d 668 [1989]). "[A] municipality will be deemed to have been engaged in a governmental function when its acts are 'undertaken for the protection and safety of the public pursuant to the general police powers' " (*Applewhite v Accuhealth, Inc.*, 21 NY3d at 425, quoting *Sebastian v State of New York*, 93 NY2d 790, 793 [1999] [internal quotation marks omitted]). Under the circumstances, the defendants' snow removal operation on the public streets was a traditionally governmental function, rather than a proprietary function (*see Freeman v City of New York*, 111 AD3d at 782; *cf. Wittorf v City of New York*, 23 NY3d 473 [2014]; *McGowan v State of New York*, 41 AD3d 670 [2007]; *Zuckerman v State of New York*, 209 AD2d 510 [1994]; *Pappo v State of New York*, 233 AD2d 379 [1996]). Moreover, the second and third causes of action failed to sufficiently allege the existence of a special relationship between the decedent and the defendants (*see Freeman v City of New York*, 111 AD3d at 782).

In light of the foregoing, the Supreme Court should have granted those branches of the defendants' motion which were, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the first, fourth, and fifth causes of action in the amended complaint. Eng, P.J., Leventhal, Lott and Roman, JJ., concur.