■ DWAYNE COCKBURN et al., Respondents, v CITY OF NEW YORK et al., Appellants. [10 NYS3d 630]—

In an action, inter alia, to recover damages for wrongful death, etc., the defendants appeal from an order of the Supreme Court, Kings County (Landicino, J.), dated July 5, 2013, which denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint is granted.

On December 27, 2010, at approximately 7:00 a.m., Jason Cockburn made a telephone call to the 911 emergency number requesting an ambulance shortly after finding his mother Lillie R. Cockburn (hereinafter the decedent) lying on the bathroom floor and assisting her to bed. The 911 operator told him that the call would be sent out, and forwarded it to an emergency medical service (hereinafter EMS) operator. The EMS operator told Jason to monitor the decedent's condition and call back if her condition changed. At about 2 p.m., Jason drove the decedent to the hospital, where she died a short time later, at approximately 3 p.m. It is undisputed that a recent snowstorm had blanketed the area, blocking streets on the date of the 911 call.

Thereafter, the decedent's son, Dwayne Cockburn, individually and as executor of the decedent's estate, and Jason Cockburn (hereinafter together the plaintiffs), commenced this action, inter alia, to recover damages for wrongful death and loss of services against the defendants City of New York and several of its departments (hereinafter collectively the defendants). The plaintiffs alleged that the defendants were negligent in responding to the 911 call and in failing to prepare for, and respond to, the snowstorm.

The defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (7). The Supreme Court denied the motion.

As a general rule, "a municipality may not be held liable to a person injured by the breach of a duty owed to the general public, such as a duty to provide police protection, fire protection or ambulance services" (*Etienne v New York City Police Dept.*, 37 AD3d 647, 649 [2007]). When a negligence cause of action is asserted against a municipality, and the municipality's conduct is proprietary in nature, the municipality is subject to suit under the ordinary rules of negligence applicable to non-governmental parties (*see Applewhite v Accuhealth, Inc.*, 21 NY3d 420, 425 [2013]; *Matter of World Trade Ctr. Bombing Litig.*, 17 NY3d 428, 446-447 [2011]). If it is determined that a municipality was exercising a governmental function, the municipality may not be held liable unless it owed a special duty to the injured party (*see Applewhite v Accuhealth, Inc.*, 21 NY3d at 426; *Valdez v City of New York*, 18 NY3d 69, 75 [2011]; *Kupferstein v City of New York*, 101 AD3d 952, 953 [2012]). "A 'special duty' is 'a duty to exercise reasonable care toward the plaintiff,' and is 'born of a special relationship between the plaintiff and the governmental entity' " (*Flagstar Bank, FSB v State of New York*, 114 AD3d 138, 143 [2013], quoting *Pelaez v Seide*, 2 NY3d 186, 189, 198-199 [2004]). Insofar as relevant here, to establish a special relationship against a municipality which was exercising a governmental function, a plaintiff must show: "(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking" (*Cuffy v City of New York*, 69 NY2d 255, 260 [1987]; *see Valdez v City of New York*, 18 NY3d at 80).

Here, the Supreme Court erred in denying that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging that the defendants were negligent in responding to the 911 call. On a motion to dismiss pursuant to CPLR 3211 (a) (7), the complaint is to be afforded a liberal construction (*see* CPLR 3026). The facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Thomas v LaSalle Bank N.A.*, 79 AD3d 1015, 1017 [2010]).

A municipal emergency response system is a classic governmental, rather than proprietary, function (*see Applewhite v Ac-*

*cuhealth, Inc.*, 21 NY3d at 430; *see also Valdez v City of New York*, 18 NY3d at 75). Contrary to the plaintiffs' contentions, the complaint fails to allege any facts tending to show knowledge by the defendants that inaction would lead to harm, or that there was any justifiable reliance on any promise made by the defendants. Accordingly, the complaint fails to state facts from which it could be found that there was a special relationship between the decedent and the defendants and, therefore, the complaint does not state a viable cause of action against the defendants based upon their alleged negligence in responding to the 911 call (*see Estate of Gail Radvin v City of New York*, 119 AD3d 730, 733 [2014]; *Freeman v City of New York*, 111 AD3d 780, 782 [2013]; *cf. Applewhite v Accuhealth, Inc.*, 21 NY3d at 431).

Furthermore, the Supreme Court improperly denied that branch of the defendants' motion which was to dismiss the cause of action alleging that the defendants failed to prepare for, and respond to, the snowstorm. A municipality is obligated to maintain the streets and highways within its jurisdiction in a reasonably safe condition for travel (*see Lopes v Rostad*, 45 NY2d 617, 624 [1978]; *Mazzella v City of New York*, 72 AD3d 755 [2010]; *Gonzalez v City of New York*, 148 AD2d 668 [1989]). A municipality will be deemed to have been engaged in a governmental function when its acts are undertaken for the protection and safety of the public pursuant to the general police powers (*see Applewhite v Accuhealth, Inc.*, 21 NY3d at 425). Under the circumstances presented here, the defendants' snow removal operation on the public streets was a traditionally governmental function, rather than a proprietary function (*see Estate of Gail Radvin v City of New York*, 119 AD3d at 733; *Freeman v City of New York*, 111 AD3d at 782; *cf. Wittorf v City of New York*, 23 NY3d 473 [2014]; *McGowan v State of New York*, 41 AD3d 670 [2007]; *Pappo v State of New York*, 233 AD2d 379 [1996]; *Zuckerman v State of New York*, 209 AD2d 510 [1994]). Moreover, the plaintiffs failed to sufficiently allege in their complaint the existence of a special relationship between the decedent and the defendants as to the defendants' snow removal function (*see Estate of Gail Radvin v City of New York*, 119 AD3d at 733; *Freeman v City of New York*, 111 AD3d at 782).

In light of the foregoing, the Supreme Court should have granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint. Rivera, J.P., Cohen, Hinds-Radix and Barros, JJ., concur.