16-1476-cv
Coleman v. County of Suffolk

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4ᵗʰ day of April, two thousand seventeen.

PRESENT:  REENA RAGGI,
          DENNY CHIN,
          SUSAN L. CARNEY,
                    *Circuit Judges*.

-----------------------------------------------------------------------

PHYLLIS COLEMAN, Individually and as the Administratrix of the Estate of Santia N. Williams,
          *Plaintiff-Appellant*,

v.                                                    No. 16-1476-cv

COUNTY OF SUFFOLK, CHRISTOPHER VERWYS, Suffolk County Police Officer, JASON MORGE, Suffolk County Police Officer, JOHN BRUNKARD, Suffolk County Police Officer, MIGUEL VIAS, Suffolk County Police Officer, CORRINE TORRES, Suffolk County Police Officer, JOHN MCAULEY, Suffolk County Police Officer, JOHN MERCURIO, Suffolk County Police Officer, NICHOLAS ASPROMGOS, Suffolk County Police Officer, JAMES O'CALLAGHAN, Suffolk County Police Officer, SAMMY SALEH, Suffolk County Police Officer, GREGORY POULETSOS, Suffolk County Police Officer, LUIS RUIZ, Suffolk County Police Officer, VALENTIN ROSADO, Suffolk County Police Officer, FRANK ORTIZ, Suffolk County Police Officer, and CHRISTOPHER LOVE,
          *Defendants-Appellees*,

1

SUFFOLK COUNTY POLICE DEPARTMENT,
SUFFOLK COUNTY SHERIFFS DEPARTMENT,
JOHN and JANE DOES 1–10, Police Officers and/or
Detectives, JOHN and JANE DOES 11–20, Deputy
Sheriffs, SUFFOLK COUNTY POLICE BENEVOLENT
ASSOCIATION and NEWSDAY LLC,
          *Defendants.**
------------------------------------------------------------------------

APPEARING FOR APPELLANT:        SCOTT A. KORENBAUM, New York, New York (Frederick K. Brewington, *on the brief*), Law Offices of Frederick K. Brewington, Hempstead, New York.

APPEARING FOR APPELLEES:        BRIAN C. MITCHELL, Assistant County Attorney, *for* Dennis M. Brown, Suffolk County Attorney, Hauppauge, New York.


    Appeal from a judgment of the United States District Court for the Eastern District of New York (Denis R. Hurley, *Judge*).

    UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on April 7, 2016, is AFFIRMED.

---

\* The Clerk of Court is directed to amend the case caption as set forth above.

2

Plaintiff Phyllis Coleman, individually and as representative of the estate of her daughter, Santia N. Williams, appeals from an award of summary judgment to defendants, Suffolk County and several of its police officers, for alleged violations of substantive due process in connection with Williams's murder by her estranged boyfriend, Jason Jenkins.[1] *See* 42 U.S.C. § 1983. Specifically, Coleman argues that, in their responses to certain 911 calls, the defendant officers increased the risk that Jenkins would physically harm Williams. Coleman further challenges the district court's related declination of supplemental jurisdiction over her state-law tort claims. We review an award of summary judgment *de novo*, viewing the record in the light most favorable to the non-movant, and resolving all disputed facts in her favor. *See Mitchell v. City of New York*, 841 F.3d 72, 77 (2d Cir. 2016). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1. <u>Federal Due Process Claim for State-Created Danger</u>

As a general matter, a state's failure to protect an individual against acts of violence committed by a private party does not violate due process. *See DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989); *see also Lombardi v. Whitman*, 485 F.3d 73, 79 (2d Cir. 2007) ("It is not enough to allege that a government actor failed to protect an individual from a known danger of bodily harm or failed to warn

---

[1] Coleman does not challenge the independent basis for awarding summary judgment to defendants Love, Pouletsos, and Torres. We, therefore, do not address those defendants further in this order.

the individual of that danger."). Due process may be implicated where officials engage in conduct that explicitly or implicitly sanctions private violence. *See Dwares v. City of New York*, 985 F.2d 94, 99 (2d Cir. 1993), *abrogated on other grounds by Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 167–68 (1993); *Pena v. DePrisco*, 432 F.3d 98, 111 (2d Cir. 2005); *accord Okin v. Vill. of Cornwall-on-Hudson Police Dep't*, 577 F.3d 415, 430 (2d Cir. 2009). To warrant due process liability, however, the conduct must rise to the level of an "affirmative act" that "communicates . . . official sanction of private violence" to the perpetrator. *Okin v. Vill. of Cornwall-on-Hudson Police Dep't*, 577 F.3d at 429, 435 (citations omitted).

We identify no such conduct here. The record, even viewed most favorably to Coleman, shows that most named defendants neither said nor did anything that could be construed—even implicitly—to condone violence by Jenkins. To the extent a few officers are alleged to have made statements that could be construed to deny Williams future assistance against Jenkins, there is no evidence that these statements were made in Jenkins's presence so as to signal to him any condonation of violence by him. In short, this case is not akin to *Okin*, where officers responding to 911 calls repeatedly and "openly expressed camaraderie" with a physical abuser and contempt for his victim. *See id.* at 430. Rather, the record here reveals affirmative actions taken by defendants against Jenkins, including arresting him on outstanding warrants, forcing him to restore property to Williams's home; requiring him to assist in locating the couple's child; and reading to him an order of protection obtained by Williams.

4

In so ruling, we do not minimize the tragedy of Williams's death. We hold only that, under the state-created danger doctrine dictated by precedent, the actions taken by the officer defendants did not so increase the risk of harm to Williams as to permit a finding of due process liability.

We therefore conclude, as the district court did, that the defendant officers are entitled to summary judgment on Coleman's due process claims.

2. Municipal Liability

We similarly affirm the summary judgment award to Suffolk County. Where, as here, the conduct of individual defendant officers does not violate the plaintiff's constitutional rights, the municipality is generally not liable for a policy or practice pursuant to which the conduct was performed. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (holding municipality not liable where individual officer "inflicted no constitutional harm"); *accord Curley v. Vill. of Suffern*, 268 F.3d 65, 71 (2d Cir. 2001). While municipal liability may arise absent an officer's constitutional deprivation if a deprivation was nonetheless caused by a non-party for whom the municipality is also bound to answer, *see Barrett v. Orange Cty. Human Rights Comm'n*, 194 F.3d 341, 350 (2d Cir. 1999), that is not this case because Coleman relies exclusively on the officer conduct cited as the basis for policymaker liability, *see Curley v. Vill. of Suffern*, 268 F.3d at 70 (affirming summary judgment award where municipality was "implicated in plaintiff's . . . complaint only by way of the individual defendants' conduct").

5

3.      Declination of Supplemental Jurisdiction

Coleman appears not to seek independent reinstatement of her state-law claims, arguing only that jurisdiction must be exercised over them insofar as "her federal law claims are viable."   Appellant's Br. 59.   In any event, we would review the district court's decision to decline supplemental jurisdiction over such claims in the absence of their federal counterparts only for abuse of discretion, which we do not identify here. *See Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 170 (2d Cir. 2014) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." (internal quotation marks omitted)).

4.      Conclusion

We have considered Coleman's other arguments and conclude that they are without merit.   Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court