Watts v City of New York (2020 NY Slip Op 05084)





Watts v City of New York


2020 NY Slip Op 05084


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2018-14386
 (Index No. 705654/17)

[*1]Rashawn Watts, etc., respondent, 
v
City of New York, et al., appellants, et al., defendants.


James E. Johnson, Corporation Counsel, New York, NY (Jeremy W. Shweder and Claibourne Henry of counsel), for appellants.
Rhonda Hill Wilson, New York, NY (Michael Dachs of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, negligence, and wrongful death, the defendants City of New York, City of New York Fire Department, and City of New York Emergency Medical Services appeal from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered October 31, 2018. The order denied their motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against, among others, the defendants City of New York, City of New York Fire Department, and City of New York Emergency Medical Services (hereinafter collectively the City defendants), alleging that the defendants were negligent in responding to a 911 call and in rendering improper treatment to the plaintiff's decedent. The City defendants answered the complaint and thereafter moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against them on the ground that the complaint failed to allege the existence of a special relationship between the City defendants and the plaintiff's decedent. The Supreme Court denied the motion and the City defendants appeal.
On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory (see CPLR 3026; Leon v Martinez, 84 NY2d 83, 87-88; Santaiti v Town of Ramapo, 162 AD3d 921, 924-925; Cockburn v City of New York, 129 AD3d 895, 896; Freeman v City of New York, 111 AD3d 780, 781). "'Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss'" (Zurich Am. Ins. Co. v City of New York, 176 AD3d 1145, 1147, quoting EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19).
"When a municipality provides ambulance service by emergency medical technicians in response to a 911 call for assistance, it performs a governmental function and cannot be held liable unless it owed a 'special duty' to the injured party" (Applewhite v Accuhealth, Inc., 21 NY3d 420, 423-424). Such a special duty can arise, as relevant here, where "the government entity [*2]voluntarily assumed a duty to the plaintiff beyond what was owed to the public generally" (id. at 426), that is, where the municipality "voluntarily assumed a 'special relationship' with the plaintiffs" (id. at 430; see Laratro v City of New York, 8 NY3d 79, 82). A municipality will be held to have voluntarily assumed a duty or special relationship with the plaintiff where there is: "(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking" (Applewhite v Accuhealth, Inc., 21 NY3d at 430-431; see Laratro v City of New York, 8 NY3d at 83; Cuffy v City of New York, 69 NY2d 255, 260).
Contrary to the City defendants' contention, the complaint, as amplified by the plaintiff's amended bill of particulars (see CPLR 3042[b]; Mackauer v Parikh, 148 AD3d 873; Fields v Lambert Houses Redevelopment Corp., 105 AD3d 668), was sufficient to allege a special relationship (see Applewhite v Accuhealth, Inc., 21 NY3d at 431; Zurich Am. Ins. Co. v City of New York, 176 AD3d at 1146; Santaiti v Town of Ramapo, 162 AD3d at 926). Accordingly, we agree with the Supreme Court's determination to deny that branch of the City defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them.
Furthermore, we agree with the Supreme Court's determination to deny that branch of the City defendants' motion which sought dismissal pursuant to CPLR 3211(a)(1). The prehospital care report summaries and computerized automated dispatch report submitted in support of the City defendants' motion did not constitute documentary evidence within the intendment of CPLR 3211(a)(1) (see Santaiti v Town of Ramapo, 162 AD3d at 926; Fontanetta v John Doe 1, 73 AD3d 78, 87).
RIVERA, J.P., AUSTIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court