Coleman v County of Suffolk (2021 NY Slip Op 08219)





Coleman v County of Suffolk


2021 NY Slip Op 08219


Decided on March 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-12201
 (Index No. 615787/16)

[*1]Phyllis Coleman, etc., appellant,
v
County of Suffolk, et al., respondents.


Frederick K. Brewington (Bergstein & Ullrich, LLP, New Paltz, NY [Stephen Bergstein], of counsel), for appellant.
Dennis M. Cohen, County Attorney, Hauppauge, NY (Brian C. Mitchell of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated September 26, 2017. The order granted the defendants' renewed motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
Between December 2010 and July 6, 2011, the decedent contacted the defendant Suffolk County Police Department numerous times to complain about troubling and abusive behavior exhibited by Jason Jenkins, the father of her young child. The complaint alleges that the decedent repeatedly asked responding police officers to arrest Jenkins, but that he was never arrested. On June 28, 2011, the decedent obtained a temporary order of protection from the Family Court, requiring Jenkins to refrain from contacting the decedent, which was served upon Jenkins on July 8, 2011. On July 12, 2011, Jenkins shot and killed the decedent. Jenkins then killed himself.
In July 2012, the plaintiff, Phyllis Coleman, the decedent's mother and the executor of her estate, commenced an action on the claims asserted here, and related federal claims, in the United States District Court for the Eastern District of New York. In March 2016, the District Court dismissed all federal claims, holding that the plaintiff failed to establish a federal due process claim based on a state-created danger, and declined to exercise jurisdiction over the state law claims (Coleman v County of Suffolk, 174 F Supp 3d 747 [ED NY]).
In December 2016, the plaintiff commenced the instant action and the defendants moved, in March 2017, to dismiss the complaint pursuant to CPLR 3211(a)(4), based on the pendency of the prior federal action. However, in April 2017, the United States Court of Appeals for the Second Circuit affirmed the order of the District Court, finally resolving the federal action (Coleman v County of Suffolk, 685 Fed Appx 69 [2d Cir]). By order dated June 14, 2017, the Supreme Court denied the defendants' motion to dismiss, with leave to renew, based on the [*2]dismissal of the prior federal action.
Thereafter, the defendants renewed their prior motion to dismiss, contending that the action was barred by collateral estoppel and that the plaintiff had failed to allege a special duty to the decedent. By order dated September 26, 2017, the Supreme Court granted the renewed motion on the ground of collateral estoppel. The plaintiff appeals. We affirm, albeit on other grounds.
"Generally, a municipality may not be held liable for the failure to provide police protection because the duty to provide such protection is owed to the public at large, rather than to any particular individual" (Conde v City of New York, 24 AD3d 595, 596). "A narrow exception to the rule exists where a special relationship exists between the municipality and the injured parties" (id. at 596; see Cuffy v City of New York, 69 NY2d 255, 260). The elements of a special relationship are (1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured, (2) knowledge on the part of the municipality's agents that inaction could lead to harm, (3) some form of direct contact between the municipality's agents and the injured party, and (4) the injured party's justifiable reliance on the municipality's affirmative undertaking (see McLean v City of New York, 12 NY3d 194, 201; Conde v City of New York, 24 AD3d at 596).
Contrary to the plaintiff's contentions, the complaint fails to allege facts that could establish an affirmative undertaking or justifiable reliance on any such undertaking by the defendants (see Cockburn v City of New York, 129 AD3d 895, 897). The complaint alleged that the decedent was told by an officer, weeks before the killing, that the officer "did not see any reason why Mr. Jenkins would hurt [the decedent or her sister] and that there was no reason for them to feel unsafe." This statement, or statements to that effect, which could not be construed as conveying any promise or intention to protect the decedent, are not a basis on which a special duty may be premised (see Valdez v City of New York, 18 NY3d 69, 84; Axt v Hyde Park Police Dept., 162 AD3d 728, 730; Cockburn v City of New York, 129 AD3d at 897; Brown v City of New York, 73 AD3d 1113, 1114). Therefore, accepting the facts as alleged in the complaint as true, and resolving every possible inference in favor of the plaintiff, the complaint fails to state a viable cause of action against the defendants (see Cockburn v City of New York, 129 AD3d at 897). The Supreme Court thus properly granted the defendants' renewed motion to dismiss the complaint.
In light of our determination, we need not address the parties' remaining contentions.
CHAMBERS, J.P., MILLER, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court