Boland v City of New York (2022 NY Slip Op 05980)

Boland v City of New York

2022 NY Slip Op 05980

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
LILLIAN WAN, JJ.

2020-01315
 (Index No. 703405/18)

[*1]Steven Boland, et al., appellants, 
v
City of New York, respondent.

Howard M. File, Esq., P.C., Staten Island, NY (Martin Rubinstein of counsel), for appellants.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jane L. Gordon and Julie Steiner of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered January 23, 2020. The order granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint, and, in effect, denied the plaintiff's motion to compel discovery.
ORDERED that the order is affirmed, with costs.
The plaintiff Steven Boland (hereinafter the injured plaintiff), and his husband suing derivatively, commenced this action against the defendant, City of New York, inter alia, to recover damages for personal injuries. In the complaint, the plaintiffs alleged, among other things, that in February 2017, emergency medical services first responders, who were City employees, were negligent in rendering prehospital care to the injured plaintiff. After issue was joined, the plaintiffs moved to compel discovery, and the City moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action, arguing that the plaintiffs failed to plead that a special duty was owed by the City to the injured plaintiff. In an order entered January 23, 2020, the Supreme Court granted that branch of the City's motion, and, in effect, denied the plaintiff's motion. The plaintiffs appeal.
In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must afford the complaint a liberal construction, accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88; Palero Food Corp. v Zucker, 186 AD3d 493, 495).
Since the City was engaged in a governmental function, the plaintiffs were required to demonstrate that the municipality owed the injured plaintiff a "special duty" (Applewhite v Accuhealth, Inc., 21 NY3d 420, 426). "When a municipality provides ambulance service by emergency medical technicians in response to a 911 call for assistance, it performs a governmental function and cannot be held liable unless it owed a 'special duty' to the injured party" (id. at 423-424). "Such a special duty can arise, as relevant here, where the government entity voluntarily assumed a duty to the plaintiff beyond what was owed to the public generally, that is, where the [*2]municipality voluntarily assumed a special relationship with the plaintiffs" (Watts v City of New York, 186 AD3d 1577, 1578 [citation and internal quotation marks omitted]). "A municipality will be held to have voluntarily assumed a duty or special relationship with the plaintiff where there is: (1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking" (id. at 1578 [internal quotation marks omitted]).
Contrary to the plaintiffs' contention, the complaint failed to allege facts establishing that the City assumed a duty to the injured plaintiff beyond what was owed to the public generally (see Applewhite v Accuhealth, Inc., 21 NY3d at 431; Cuffy v City of New York, 69 NY2d 255, 262-264; Coleman v County of Suffolk, 192 AD3d 857, 859). Therefore, the Supreme Court properly granted that branch of the City's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint.
The plaintiffs' remaining contention has been rendered academic in light of our determination.
CONNOLLY, J.P., CHRISTOPHER, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court