Fitzgerald v Westchester County (2024 NY Slip Op 05789)

Fitzgerald v Westchester County

2024 NY Slip Op 05789

Decided on November 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2024-01431
 (Index No. 55145/20)

[*1]Gregory Fitzgerald, respondent, 
v
Westchester County, appellant, et al., defendants.

Darger Errante Yavitz & Blau LLP, New York, NY (Kelly A. Hodges of counsel), for appellant.
Herman Law, New York, NY (Mark C. Zauderer, Ira B. Matetsky, Jason T. Cohen, Jeffrey Herman, Stuart Mermelstein, and Jesse Seiden of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Westchester County appeals from an order of the Supreme Court, Westchester County (Leonard D. Steinman, J.), dated January 11, 2024. The order, insofar as appealed from, denied that branch of that defendant's motion which was for summary judgment dismissing the second amended complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In this action commenced pursuant to the Child Victims Act (see CPLR 214-g), the plaintiff alleges that the defendant Westchester County negligently failed to prevent sexual abuse perpetrated upon him in 1969 by his foster mother and in 1970 by his foster father. The County moved, among other things, for summary judgment dismissing the second amended complaint insofar as asserted against it on the grounds, inter alia, that it did not owe a special duty to the plaintiff and that it did not have actual or constructive notice of the foster parents' alleged propensity to engage in sexual abuse or of the abuse they allegedly perpetrated. In an order dated January 11, 2024, the Supreme Court, among other things, denied that branch of the motion. The County appeals.
"'Counties and foster care agencies cannot be vicariously liable for the negligent acts of foster parents,'" but "'may be sued to recover damages for negligence in the selection of foster parents and in supervision of the foster home'" (George v Windham, 169 AD3d 876, 877, quoting Keizer v SCO Family of Servs., 120 AD3d 475, 476). "'When a negligence claim is asserted against a municipality, the first issue for a court to decide is whether the municipal entity was engaged in a proprietary function or acted in a governmental capacity at the time the claim arose'" (Marino v City of New York, 223 AD3d 888, 889, quoting Applewhite v Accuhealth, Inc., 21 NY3d 420, 425). Here, the County was acting in a governmental capacity when it took legal custody of the plaintiff and placed him with his foster families (see P.D. v County of Suffolk, ___ AD3d ___, ___, 2024 NY Slip Op 03405, *3 [2d Dept]; Kochanski v City of New York, 76 AD3d 1050, 1052).
Where a municipality was acting in a governmental capacity, "the plaintiff must prove the existence of a special duty as an element of his or her negligence cause of action" (Canberg v [*2]County of Nassau, 214 AD3d 943, 945). A special duty can arise where "'(1) the plaintiff belonged to a class for whose benefit a statute was enacted; (2) the government entity voluntarily assumed a duty to the plaintiff beyond what was owed to the public generally; or (3) the municipality took positive control of a known and dangerous safety condition'" (Ferreira v City of Binghamton, 38 NY3d 298, 310, quoting Applewhite v Accuhealth, Inc., 21 NY3d at 426; see Boland v City of New York, 209 AD3d 960, 960-961).
Here, the County failed to demonstrate its prima facie entitlement to judgment as a matter of law dismissing the second amended complaint insofar as asserted against it on the ground that it did not owe a special duty to the plaintiff. By taking legal custody of the plaintiff, the County assumed a special duty to the plaintiff that differed from what was owed to the public generally (see Barnes v County of Nassau, 108 AD2d 50, 55; Bartels v County of Westchester, 76 AD2d 517, 523). Accordingly, the plaintiff was not required to plead or prove additional facts supporting a special relationship in order to satisfy the special duty rule (see Adams v Suffolk County, ___ AD3d ___, 2024 NY Slip Op 05428 [2d Dept]).
"'In order to find that a child care agency breached its duty to adequately supervise the children entrusted to its care, a plaintiff must establish that the agency had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated'" (Grabowski v Orange County, 219 AD3d 1314, 1315, quoting Lopez v City of New York, 172 AD3d 703, 705). Here, the County failed to establish, prima facie, that it lacked sufficiently specific knowledge or notice of the foster parents' alleged abusive propensities and conduct (see Kwitko v Camp Shane, Inc., 224 AD3d 895, 896). Accordingly, the Supreme Court properly denied that branch of the County's motion which was for summary judgment dismissing the second amended complaint insofar as asserted against it, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BARROS, J.P., MALTESE, WOOTEN and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court